IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| FRED L. PLUMP, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. |
| HONORABLE BOB RILEY, as Governor of the State of Alabama, | 2:07cv1014- |
| Defendant. | |

RECEIVED 2007 NOV 16 A 10: 51 DEBRA P. HACKETT, CLK U.S. DISTRICT COURT MIDDLE DISTRICT ALA

# Complaint

1. This is an action to enjoin violations of Section 5 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973c. This action is necessary because Governor Bob Riley persists in his attempts to enforce election procedures which have not been precleared by either the Attorney General of the United States or the U.S. District Court for the District of Columbia. This Court has previously enjoined Governor Riley from enforcing these same procedures with regard to a county commission vacancy in Mobile County.

## Parties

2. Fred L. Plump is a citizen of Alabama and a registered voter in Commission District 1 of Jefferson County.

3. Bob Riley is Governor of Alabama and is sued in his official capacity.

1

## Facts

4. Jefferson County Commissioner Larry Langford has been elected Mayor of the City of Birmingham. He will take office on Tuesday, 13 November 2007. He has resigned from the Jefferson County Commission.

5. The Legislature adopted Act 784 in the 1977 Regular Session (hereafter "Act 1977-784"), providing that when a vacancy occurs on the Jefferson County Commission, the Election Commission of Jefferson County shall call a special election if a county-wide election will be held within 180 days after the vacancy occurs. A county-wide election will be held on the first Tuesday in February (5 February), 2008, which is within 180 days after Commissioner Larry Langford resigned. A copy of Act 1977-784 is attached as Exhibit A (pages 3-7). Act 1977-784 has been precleared by the Attorney General of the United States.

6. Act 1977-784 was used to call elections in 1982 to fill two vacancies on the Commission.

7. After the election of Commissioner Langford as Mayor, the Jefferson County Election Commission met and unanimously adopted the resolution attached as Exhibit A. The resolution calls an election to fill the vacancy in District 1 of the Jefferson County Commission for 5 February 2008. The Election Commission consists of Alan King [Probate Judge (Place 1) of Jefferson County]; Anne Marie Adams [Circuit Clerk for Jefferson County]; and Mike Hale [Sheriff of Jefferson County]. Each is a member of the Election Commission of Jefferson County by virtue of the office he or she holds.

8. Act 2004-455 amended Ala. Code § 11-3-6 to allow local laws to provide an exception to the general rule of appointments by the Governor to file vacancies. The Attorney General of the U.S. issued a "no objection" letter regarding Act 2004-455 on 28 September 2004. Act 1977-784 would be allowed under the exception created by Act 2004-455.

9. Despite Act 2004-455, Governor Riley asserts that he has the authority to appoint a commissioner for Jefferson County because Act 2004-455 has been held to be prospective only in *Riley v. Kennedy*, 928 So.2d 1013 (Ala. 2005). See the attached newspaper articles from the *Birmingham News* of 11 October 2007 (Exhibit B), 30 October 2007 (Exhibit C), and 14 November 2007 (Exhibit D).

10. In *Yvonne Kennedy v. Bob Riley*, No. 2:05-cv-01100-MHT-DRB (M.D. Ala.), on August 18, 2006 (Doc. 23), this Court ordered that "Judgment is entered in favor of plaintiffs ... and against defendant Bob Riley" and ordered the State of Alabama to obtain preclearance in accordance with § 5 before enforcing the decisions of the Alabama Supreme Court in *Stokes v. Noonan*, 534 So.2d 237 (Ala. 1988), and *Riley v. Kennedy*, 928 So.2d 1013 (Ala. 2005). This Court granted further relief to the Kennedy plaintiffs on 1 May 2007 (Doc. 48).

11. Governor Riley attempted to obtain preclearance of the *Stokes* and *Riley* decisions for use in the Mobile County Commission vacancy, but the Attorney General of the United States interposed an objection on 8 January 2007. The State has not sought preclearance of the *Stokes* or *Riley* decisions for any other purpose. Therefore, the State of Alabama may not

3

enforce or seek to administer the two State Supreme Court decisions, *Stokes v. Noonan* and *Riley v. Kennedy*.

12. Governor Riley has appealed to the United States Supreme Court from the decision of this court in *Yvonne Kennedy v. Bob Riley*. The case is docketed as *Riley v. Kennedy,* No. 07-77 (U.S. Sup. Ct.).

13. On 6 November 2007, Governor Riley filed a "Brief ... in Opposition to Motion to Dismiss or Affirm" in the Supreme Court. In that brief Governor Riley argued that the decision below is not moot because, among other reasons, "a vacancy is imminent in Jefferson County. The underlying facts and legal situation are not identical each time a vacancy arises. Nonetheless, a showing that the preclearance status of that *Stokes v. Noonan* and *Riley v. Kennedy* is moot has not been made." Brief in Opp. 2.

14. Despite his assertion to the U.S. Supreme Court, the Governor takes the position that *Kennedy v. Riley* is not applicable outside of Mobile County and does not affect his right to make an appointment to fill the Jefferson County vacancy.

15. The plaintiff desires to participate in an election to fill the unexpired term of Commissioner Larry Langford.

## Claim

16. The defendant Riley has violated or is about to violate the Voting Rights Act by administering, without preclearance, a practice different from that in effect in 1977.

17. The plaintiff is without an adequate remedy at law and will suffer irreparable damage unless the actions of the defendant in violation of the Voting Rights Act are enjoined.

### Prayer for Relief

18. The plaintiff prays that the Court will consolidate this action with *Yvonne Kennedy v. Bob Riley,* No. 2:05-cv-01100-MHT-DRB (M.D. Ala.).

19. If the Court does not consolidate this action with *Kennedy v. Riley,* the plaintiff prays that the Court will convene a three-judge court to hear and decide this matter.

20. The plaintiff prays that the Court will enter a declaratory judgment that the defendant Riley lacks the power to appoint a person to fill a vacancy on the Jefferson County Commission unless and until the defendant obtains preclearance of the change in election procedures, as required by Section 5 of the Voting Rights Act, and that pending such preclearance the Election Commission of Jefferson County has the authority to call a special election for District 1 of the Jefferson County Commission.

21. The plaintiff prays that the Court will grant preliminary and permanent injunctions to enjoin the defendant Riley not to deliver the commission or other appointment papers to any person for the Jefferson County Commission District 1 vacancy unless and until the defendant obtains preclearance, as required by Section 5 of the voting Rights Act.

22. The plaintiff prays that the Court will order the defendant Riley to pay his reasonable attorneys' fees, costs, and expenses.

Submitted by,

*/s/ Edward Still*

<div style="display: flex;">

James U. Blacksher
P.O. Box 636
Birmingham AL 35201
    phone 205-591-7238
    fax 205-591-0709
    email
jblacksher@ns.sympatico.ca

Edward Still
Edward Still Law Firm LLC
2112 11th Avenue South
Suite 201
Birmingham AL 35205-2844
    phone: 205-320-2882
    fax: 877-264-5513
    email: Still@votelaw.com

</div>

Attorneys for the plaintiffs

STATE OF ALABAMA)
JEFFERSON COUNTY)

## RESOLUTION TO FILL THE DISTRICT ONE JEFFERSON COUNTY COMMISSION VACANCY, IF THERE IS ONE, BY SPECIAL ELECTION ON FEBRUARY 5, 2008, AND RUN-OFF, IF NEEDED

WHEREAS, District One Jefferson County Commissioner Larry Langford received the highest number of votes in the October 9, 2007, election for Mayor of the City of Birmingham; and

WHEREAS, an election contest has been filed against Commissioner Langford, for which the Jefferson County Election Commission comprised of Probate Judge Alan King, Circuit Clerk Anne Marie Adams and Sheriff Mike Hale take notice; and

WHEREAS, Jefferson County has a local Act No. 784 (1977) that states, "Section 9. No persons shall be appointed to fill a vacancy"; and

WHEREAS, the statutes of the State of Alabama, case law, and Department of Justice clearances in a similar case are at odds with each other on the state of the law and application thereto; and

WHEREAS, there are 45 voting precincts and 66,427 registered voters in District One; and

WHEREAS, local Act No. 784 (1977), sets forth that when a vacancy occurs on the Jefferson County Commission, a resolution shall be adopted providing for a special election by the Jefferson County Election Commission, with a run-off election, if needed, to provide how a person shall become a candidate for the office to be filled, to provide that any person elected to fill a vacancy shall serve the unexpired term which the person occupying said office when the vacancy occurred would have served if the vacancy had not occurred; to provide that the general laws of the State governing elections shall apply; and

WHEREAS, a Special Election shall be held on February 5, 2008, which is the date already set for the statewide Presidential primary; and

WHEREAS, a run-off election shall be set on February 26, 2008, or later, if needed; and

WHEREAS, the Jefferson County Election Commission believes that the voters in District One should have the opportunity to elect their County Commissioner and should not be disenfranchised from the right to elect a Commissioner of their choice; and

WHEREAS, the RESOLUTION will take immediate effect upon a vacancy being created in the office of the Jefferson County Commissioner, District One.

NOW, THEREFORE, the Jefferson County Election Commission hereby ADOPTS the following:

A. If there is a vacancy in the Jefferson County Commission created by the election of Commissioner Larry Langford to the office of Mayor of the City of Birmingham, a Special Election has been called and approved and will be set for February 5, 2008, with a run-off election, if needed, to be held on February 26, 2008, or at a later date;

B. Inasmuch as it appears that statutes on qualifying have not been pre-cleared by the Department of Justice, local Act No. 784 (1977) would apply, which is attached hereto as Exhibit A;

C. Persons desiring to become a candidate shall file with the Jefferson County Judge of Probate no later than January 15, 2008;

D. The person who is elected to fill the Commission vacancy in the Special Election and run-off, if needed, will serve the unexpired term which the person occupying said office when the vacancy occurred would have served if the vacancy had not occurred; and

E. The general laws of the State governing elections shall apply; and

F. The Election Commission further believes that the voters of District One deserve the right and the opportunity to vote for the candidate of their choice.

G. This Resolution shall take immediate effect upon a vacancy being created in the office of Jefferson County Commissioner, District One.

THIS RESOLUTION IS HEREBY APPROVED this 29th day of October, 2007 by the Jefferson County Election Commission.

_____
Judge of Probate

_____
Circuit Clerk

_____
Sheriff

2



1351

pality having the required number of inhabitants and whose corporate boundaries lie partly within said county and partly without said county. Any municipality which adopts a resolution and comes under the provisions of this Act, as herein provided, shall thereafter remain under this Act, and may not repeal or rescind such action either by the adoption of a resolution or otherwise."

Section 2. This Act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.

Approved May 23, 1977.

Time: 6:00 P.M.

---

Act No. 783                                       H. 943—McCluskey, Shoemaker, Dial

## AN ACT

To amend Section 2 of Act No. 793, 1975 Regular Session (Acts of 1975, p. 1596), entitled:

"An Act Relating to all counties having populations of not less than 65,000 nor more than 68,000 inhabitants according to the most recent federal decennial census; to provide for an additional secretarial assistant for the office of the district attorney and for the offices of circuit judge of the judicial circuit in which such county lies;" so as to increase the compensation of the secretarial assistants for the office of circuit judge of the judicial circuit in which such county lies.

Be It Enacted by the Legislature of Alabama:

Section 1. Section 2 of Act No. 793, 1975 Regular Session (Acts of 1975, p. 1596) is hereby amended to read as follows:

"Section 2. The compensation of such secretarial assistants for the circuit judges shall be set by the circuit judge at a sum not exceeding $725.00 per month."

Section 2. This act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.

Approved May 23, 1977.

Time: 6:00 P.M.

---

Act No. 784                                                         H. 950—Gafford

## AN ACT

To provide that when a vacancy occurs on the governing body of

Exhibit A, page 000003

1352

Jefferson County, the Election Commission of Jefferson County shall adopt a resolution providing for a special election, with a run-off election, if necessary, to fill such vacancy; to provide how a person shall become a candidate for the office to be filled; to provide that any person elected to fill a vacancy hereunder shall serve the unexpired term which the person occupying said office when the vacancy occurred would have served if the vacancy had not occurred; to provide that the general laws of the State governing elections shall apply to any election held under the Act, except as the Act otherwise provides; to provide that no person shall be appointed to fill such vacancy; and to repeal Section 145, Title 62, Code of Alabama of 1940, and any other laws or parts of laws in conflict with the Act.

*Be It Enacted by the Legislature of Alabama:*

Section 1. As herein used, the following terms have the meanings hereby ascribed to them: "the County" means Jefferson County, Alabama; "a vacancy" means a vacancy on the governing body of the County caused by death, resignation, impeachment, or any cause except normal expiration of terms; "first election hereunder" means the first election for which this Act provides to fill a vacancy as distinguished from the run-off election held hereunder, if a run-off election is necessary; "run-off election hereunder" means the run-off election for which this Act provides, if no candidate at the first election hereunder receives a majority of the votes cast; "a County wide election" means any election, whether general, special or primary, including run-off elections, whereat qualified electors throughout the County are entitled to vote and which is held to elect a Federal, State or County officer or to nominate a candidate or candidates, for a Federal, State or County office or offices, to submit one or more questions, including, but not limited to, the question of adopting a proposed amendment to the Constitution of Alabama and the question of whether general obligation bonds, or revenue bonds, of the State or County shall be issued; "a scheduled County wide election" means a County wide election which is scheduled to be held on a date definitely determined when a vacancy occurs; and "the Election Commission" means the Election Commission of the County.

Section 2. Within seven days from the occurrence of any vacancy the Election Commission, by a majority vote thereof, shall adopt a resolution stating the dates on which the first election hereunder and the run-off election hereunder, if necessary, will be held. The said dates will be determined as provided for in Sections 3 and 4, below.

Section 3. If when a vacancy occurs a County wide election is scheduled to be held more than forty days and not more than 180 days from the date whereon the vacancy occurs, the first election hereunder, to fill such vacancy, shall be held on the County wide election date. If when the vacancy occurs

1353

there is no County wide election scheduled to be held more than forty days and not more than 180 days after the date whereon the vacancy occurs the first election hereunder, to fill the vacancy, shall be held on a date specified by the Election Commission in the resolution, provided for in Section 2, above, which date shall be not less than thirty-three days and not more than forty days from the date on which the resolution is adopted.

Section 4. If when the resolution, provided for in Section 2, above, is adopted, a County wide election is scheduled to be held not less than three weeks and not more than eight weeks from the date on which the resolution provides the first election hereunder shall be held, to fill said vacancy, the run-off election hereunder, if necessary, shall be held on the date on which said County wide election is scheduled to be held. If when the resolution, provided for in Section 2, above, is adopted, there is no County wide election scheduled to be held not less than three weeks and not more than eight weeks from the date on which the resolution provides for the first election hereunder to be held, the resolution shall provide for the run-off election hereunder, if any run-off election is necessary to be held three weeks subsequent to the date on which the first election hereunder will be held to fill the vacancy.

Section 5. Any person elected to fill a vacancy hereunder shall serve the unexpired portion of the term which the person occupying said office when the vacancy occurred would have served if the vacancy had not occurred.

Section 6. The first election hereunder and the run-off election hereunder, if a run-off election is required, shall be held on the dates provided for in the resolution adopted under Section 2, above. The provisions of the election laws governing the registration of voters, equipment at polling places, furnishing of supplies, appointment of election officers, voting and canvassing returns at a general election shall apply to any election held hereunder, except as herein otherwise provided.

Section 7. The failure of the Election Commission to provide for the first election hereunder, or the run-off election hereunder, within seven days from the occurrence of a vacancy shall not terminate the jurisdiction and duty of the Election Commission to provide for such first election or such run-off election.

Section 8. No primary election shall be held to nominate a candidate to fill a vacancy under the provisions of this Act. At any election held under this act no person's name shall appear on the ballot as a candidate for the office to be filled at said election unless such person has filed in the office of the Judge of Probate of the County within the time and in the forms

1354

prescribed below in this Section 8 his statement of candidacy and the petition signed by at least one hundred qualified electors requesting that such person become a candidate for the said office.

Any person desiring to become a candidate at any election hereunder may become such candidate by filing in the office of the Judge of Probate of the County such person's statement in writing of such candidacy, accompanied by such person's affidavit taken and certified by such Judge of Probate, or by a Notary Public, that such person is duly qualified to hold the office for which the person desires to be a candidate. Such statement shall be filed at least twenty-one days before the date set for such election; and shall be in substantially the following form:

"State of Alabama, Jefferson County.

I, the undersigned, being first duly sworn, depose and say that I am a citizen of Jefferson County in Alabama, residing at _____ in said County, that I desire to become a candidate for the office of _____ at the election for said office to be held on the _____ day of _____, and that I am duly qualified to hold said office if elected thereto; I hereby request that my name be printed on the official ballot at said election.

Signed_____

Subscribed and sworn to before me, the undersigned (Probate Judge or Notary Public, as the case may be) on this the _____ day of _____, 19\_\_\_\_.

_____
(Judge of Probate or Notary Public as the case may be)"

Said statement shall be accompanied by a petition signed by at least one hundred persons who shall be qualified to vote at said election, requesting that such person become a candidate for said office at said election. The signers to said petition shall set forth their names in full and their residence addresses, and said petition shall be in substantially the following form:

"We, the undersigned, duly qualified electors of Jefferson County, and residing at the places set opposite our respective names, do hereby request that the name of _____ be placed upon the official ballot as a candidate for the office of _____ at the election for said office to be held in said County on the _____ day of _____. We further state that we know that said _____ possesses the qualifications necessary for said office, and is in our





1355

judgment a fit and proper person to hold said office. Witness our hands on this the _____ day of _____, 19____."

No name shall appear upon said ballot as a candidate for election except the names of such persons as have become candidates according to the provisions as set forth above. If voting machines are used in the County, the names of candidates shall be suitably placed on voting machines.

Section 9. No persons shall be appointed to fill a vacancy. Section 145, Title 62, Code of Alabama of 1940, and all other laws and parts of laws, whether general, local or special in conflict herewith, are hereby repealed to the extent of any such conflict.

Section 10. This Act shall become effective upon its approval by the Governor or its otherwise becoming a law.

Approved May 25, 1977.

Time: 4:30 P.M.

---

Act No. 785                                H. 1023—Shelton, Merrill

AN ACT

To provide that any public corporation heretofore or hereafter incorporated and existing under the provisions of Act No. 109, H. 148 of the 1961 Regular Session, as amended, [1961 Acts, p. 134; appearing in Code of Alabama 1940, Recompiled 1958, Title 22, Section 204 (41a)], is authorized and empowered to lease any hospital, building or facility constructed and equipped under the provisions of such act to any public corporation or any non-profit corporation. No rights under the terms of any contract shall be abrogated nor shall any security for the fulfillment of any obligation be jeopardized by the provisions of this act.

Be It Enacted by the Legislature of Alabama:

Section 1. Any public corporation heretofore or hereafter incorporated and existing under the provisions of Act No. 109, H. 148 of the 1961 Regular Session, as amended, [1961 Acts, p. 134; appearing in Code of Alabama 1940, Recompiled 1958, Title 22, Section 204 (41a)], is hereby authorized and empowered to lease any hospital, building or facility constructed and equipped under the provisions of such act to any public corporation or any non-profit corporation. Nothing herein shall be construed to allow the abrogation of the terms of any contract or to jeopardize any security for the fulfillment of any obligation assumed under the provisions of said Act No. 109.

Section 2. The provisions of this act are severable. If


Everything Alabama

# The Birmingham News

## Riley says he'll name Langford successor

Thursday, October 11, 2007
**HANNAH WOLFSON**
News staff writer

Gov. Bob Riley plans to appoint a replacement for Birmingham Mayor-elect Larry Langford on the Jefferson County Commission, the governor's spokeswoman said Wednesday.

The governor would not specify who might be appointed or how long it would take, said Tara Hutchison.

"We believe a lot of people are interested in the position," Hutchison said. "The governor will make the appointment as quickly as possible."

Langford may take over the mayor's office any time on or before the fourth Tuesday in November, according to the city's Mayor-Council Act.

Hutchison said the governor's legal office is of the opinion he has the authority to make the appointment.

But a Jefferson County-only law in the state code calls for a special election when a seat is vacated well before a county election is scheduled. The next election is set for 2010.

"No persons shall be appointed to fill a vacancy," Act 784 of 1977 reads.

The law requires the County Election Commission to decide within a week after the vacancy occurs when to set an election, which must be held 33-40 days after the vacancy occurs. Anyone who decides to run must get 100 signatures and file with the probate judge.

The issue has been the subject of legal debate elsewhere. In 2005, Riley appointed Juan Chastang, a fellow Republican, to fill the vacancy created on the Mobile County Commission when then-Commissioner Sam Jones was elected mayor of Mobile.

Earlier this year, a panel of federal judges ruled that appointment violated the federal Voting Rights Act of 1965 because changes to Alabama voting procedures must be cleared to guarantee they won't hurt minority voters.

In 1985, the state passed a law similar to Jefferson County's that let Mobile County hold a special election for vacancies. But the state Supreme Court found it unconstitutional in 1988 and gave the authority to the governor.

Since then, the state has approved laws allowing special elections in some commission vacancies.

Some of the names mentioned as potential replacements on the commission are Birmingham Councilman Roderick Royal, former Councilman Elias Hendricks and Richard Finley, head of the Alabama Republican Council, the state's oldest active Republican group. A replacement is required to live in Langford's commission district, which stretches from Fairfield north to Fultondale and east to Roebuck.

Finley said he knew his name had come up and he'd be willing to serve, but didn't expect anything to happen for a while. "I've heard a lot of talk," he said. "It's all talk right now."

E-mail: hwolfson@bhamnews.com

© 2007 The Birmingham News

© 2007 al.com All Rights Reserved.

Exhibit B


Everything Alabama

# The Birmingham News

## Election set to replace Langford

**Riley maintains he'll name commissioner**

Tuesday, October 30, 2007
**JOSEPH D. BRYANT**
News staff writer

The Jefferson County Election Commission on Monday set a Feb. 5 election to replace Larry Langford on the County Commission.

That action sets up a likely legal showdown with Gov. Bob Riley, who maintains he has the authority to appoint Langford's replacement.

Langford, who won the Oct. 9 election for mayor of Birmingham, has said he would leave the commission and take office at City Hall Nov. 13.

The Election Commission, made up of Probate Judge Alan King, Sheriff Mike Hale and Circuit Clerk Anne Marie Adams, set the special election to coincide with Alabama's presidential primary.

King, the county's chief election officer, said a Jefferson County statute calls for holding an election to fill an open commission seat. King said 2004 state legislation that gives the governor power to fill commission vacancies by appointment specifically excludes counties with their own rules for special elections, such as Jefferson County.

However, Riley's office maintains that the governor has the authority to fill the seat.

"What the Election Commission has done is both illegal and unconstitutional," said Ken Wallis, Riley's chief legal adviser. "They are acting on a law that is invalid."

Wallis said the election officials are wrong to cite the 1977 legislation and are misinterpreting the 2004 act. The 1977 act is void because it was passed before the 2004 law took effect, Wallis said.

"Jefferson County can call an election. It will be challenged," Wallis said. "They won't be able to hold their election. The courts will not allow them to act on that law."

**Another law needed:**

The Legislature would have to pass another law giving the county authority to call special elections in order for that to occur legally, Wallis said. Such a change would take several months.

"In the meantime, you're going to have 66,000 people unrepresented for a minimum of seven months, perhaps longer, and it's not right for them to be unrepresented," Wallis said. "The governor has the general power to appoint. If the governor appoints, he can appoint instantly."

The Election Commission's decision comes after officials including U.S. Rep. Artur Davis and Birmingham City Council members called for an election to replace Langford. The council today will vote on a resolution urging an election.

The heads of both the Alabama Democratic Party and the Jefferson County Democratic Party on Monday made public statements asking the governor to allow the Election Commission's action to proceed.

The governor's office called those statements unfair. "This is not the governor trying to take anybody's right to vote," Wallis said. "That is a crazy interpretation of the circumstances. This is the governor trying to get the voters in that district represented as quickly as possible."

Wallis said Riley favors elections when possible. But Jefferson County must have a valid law on the books for that to happen, and it doesn't, he said.

**Vote was bipartisan:**

The commission's vote was bipartisan. Adams and King are Democrats and Hale a Republican.

"I'm proud of the Election Commission and the decision that was made," King said.

Members agreed the laws are convoluted but said ultimately the residents of District 1 have the right to choose their representative on the commission.

"In my opinion, the law is clear even though the water may be murky," Adams said.

Once an election is called, candidates for the seat have until Jan. 15 to qualify. Unlike regular County Commission elections that include party primaries, the special election would be general, with no primaries, according to the 1977 legislation.

The special election would be called only after Langford resigned his commission post.

Exhibit C

Langford's mayoral victory is being challenged in court by lawyer Patrick Cooper, who finished a distant second to Langford. Cooper says Langford did not meet requirements to run for mayor because he did not live in Birmingham when he declared his candidacy. A hearing on that case is Nov. 14, the day after Langford is expected to be sworn in.

E-mail: jbryant@bhamnews.com

© 2007 The Birmingham News

© 2007 al.com All Rights Reserved.

Exhibit C



# The Birmingham News

## Election set for vacated seat on commission

Wednesday, November 14, 2007
**JOSEPH D. BRYANT**
**News staff writer**

The Jefferson County Election Commission on Tuesday officially called a Feb. 5 special election to fill the District 1 seat on the County Commission.

The Election Commission, made up of Probate Judge Alan King, Sheriff Mike Hale and Circuit Clerk Anne Marie Adams, called the election hours after Larry Langford resigned his County Commission post to become Birmingham mayor.

The officials set the election to coincide with Alabama's presidential primary and scheduled a runoff, if necessary, for Feb. 26.

Unlike the regular commission races, this special election is non-partisan without primaries. Candidates must file a statement of candidacy by Jan. 15. That statement must include the signatures of at least 100 voting age residents of District 1.

Election Commission members have said 2004 state legislation that gives the governor power to fill county commission vacancies by appointment specifically excludes counties that have their own rules for special elections, such as Jefferson County.

However, Gov. Bob Riley maintains he has authority to fill the seat. Riley's staff says county election officials are misinterpreting the 2004 act, and that the 1977 law providing for elections to fill vacancies in Jefferson County was rendered void by the 2004 law.

"It is our opinion that the governor will make this appointment," Riley's press secretary, Tara Hutchison, said Tuesday.

King said the Election Commission will carry out its mandate.

"The Election Commission of Jefferson County has passed a resolution for an election to fill the vacancy, and it is our duty to proceed with holding the election as previously set," King said.

District 1 stretches from Fairfield north to Fultondale and east to Roebuck.

E-mail: jbryant@bhamnews.com

© 2007 The Birmingham News

© 2007 al.com All Rights Reserved.

Exhibit D

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602001197
Cashier ID: khaynes
Transaction Date: 11/16/2007
Payer Name: EDWARD STILL LAW FIRM
------------------------------------
CIVIL FILING FEE
 For: EDWARD STILL LAW FIRM
 Case/Party: D-ALM-2-07-CV-001014-001
 Amount:         $350.00
------------------------------------
CHECK
 Check/Money Order Num: 2761
 Amt Tendered: $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

FRED L. PLUMP V. BOB RILEY
```