IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| FRED L. PLUMP, <br><br> Plaintiff, <br><br> v. <br><br> HONORABLE BOB RILEY, as Governor of the State of Alabama, <br><br> Defendant. | CIVIL ACTION NO. 2:07-cv-01014-MEF-CSC |

# Amended Complaint

1.  This is an action to enjoin violations of Section 5 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973c; Section 2 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973; and the Thirteenth, Fourteenth and Fifteenth Amendments to the Constitution of the United States. This action is necessary because Governor Bob Riley persists in his attempts to enforce election procedures which have not been precleared by either the Attorney General of the United States or the U.S. District Court for the District of Columbia. This Court has previously enjoined Governor Riley from enforcing these same procedures with regard to a county commission vacancy in Mobile County.

2.  Defendant Riley's exercise of unprecleared state law to appoint a person to fill the vacancy in Commission District 1 of Jefferson County has the purpose and effect of perpetuating Alabama's historical policy of using gubernatorial appointments to deny or abridge the rights of African

Americans to elect candidates of their choice to county government, and it continues Alabama's historical policy of ignoring or evading provisions of the Constitution and laws of the United States enacted to protect the voting rights of African-American citizens.

### Parties

3.   Fred L. Plump is an African-American citizen of Alabama and a registered voter in Commission District 1 of Jefferson County.

4.   Bob Riley is Governor of Alabama and is sued in his official capacity.

### Facts

5.   Jefferson County Commissioner Larry Langford has been elected Mayor of the City of Birmingham. He took office on Tuesday, 13 November 2007. He resigned his seat in District 1 of the Jefferson County Commission, which has a majority-black electorate.

6.   The plaintiff wishes to participate in an election to fill the unexpired term of Commissioner Larry Langford.

7.   The Legislature adopted Act 784 in the 1977 Regular Session (hereafter "Act 1977-784"), providing that when a vacancy occurs on the Jefferson County Commission, the Election Commission of Jefferson County shall call a special election.  A copy of Act 1977-784 is attached as Exhibit A (pages 3-7).  Act 1977-784 has been precleared by the Attorney General of the United States.  Act 1977-784 was used to call elections in 1982 to fill two vacancies on the Jefferson County Commission.

2

8.  After the election of Commissioner Langford as Mayor, the Jefferson County Election Commission met and unanimously adopted the resolution attached as Exhibit A to the original complaint in this action. The resolution calls an election to fill the vacancy in District 1 of the Jefferson County Commission for 5 February 2008. The Election Commission consists of Alan King [Probate Judge (Place 1) of Jefferson County]; Anne Marie Adams [Circuit Clerk for Jefferson County]; and Mike Hale [Sheriff of Jefferson County]. Each is a member of the Election Commission of Jefferson County by virtue of the office he or she holds.

9.  Act 2004-455 amended Ala. Code § 11-3-6 to allow local laws to provide an exception to the general rule of appointments by the Governor to fill vacancies. The Attorney General of the U.S. issued a "no objection" letter regarding Act 2004-455 on 28 September 2004. Act 1977-784 would be allowed under the exception created by Act 2004-455.

10.  Despite Act 2004-455, Governor Riley asserts that he has the authority to appoint a commissioner for Jefferson County because Act 2004-455 has been held to be prospective only in *Riley v. Kennedy*, 928 So.2d 1013 (Ala. 2005).  See the attached newspaper articles from the *Birmingham News* of 11 October 2007 (Exhibit B to the original complaint), 30 October 2007 (Exhibit C to the original complaint), and 14 November 2007 (Exhibit D to the original complaint).

11.  In *Yvonne Kennedy v. Bob Riley,* No. 2:05-cv-01 100-MHT-DRB (M.D. Ala.), on August 18, 2006 (Doc. 23), this Court ordered that "Judgment is entered in favor of plaintiffs … and against defendant Bob Riley" and

ordered the State of Alabama to obtain preclearance in accordance with § 5 before enforcing the decisions of the Alabama Supreme Court in *Stokes v. Noonan,* 534 So.2d 237 (Ala. 1988), and to the original complaint 928 So.2d 1013 (Ala. 2005). This Court granted further relief to the Kennedy plaintiffs on 1 May 2007 (Doc. 48).

12.   Governor Riley attempted to obtain preclearance of the Stokes and Riley decisions for use in the Mobile County Commission vacancy, but the Attorney General of the United States interposed an objection on 8 January 2007. The State has not sought preclearance of the Stokes or Riley decisions for any other purpose. Therefore, the State of Alabama may not enforce or seek to administer the two State Supreme Court decisions, *Stokes v. Noonan* and *Riley v. Kennedy.*

13.   Governor Riley has appealed to the United States Supreme Court from the decision of this court in *Yvonne Kennedy v. Bob Riley.* The case is docketed as *Riley v. Kennedy,* No. 07-77 (U.S. Sup. Ct.).

14.   On 6 November 2007, Governor Riley filed a "Brief … in Opposition to Motion to Dismiss or Affirm" in the Supreme Court. In that brief Governor Riley argued that the decision below is not moot because, among other reasons, "a vacancy is imminent in Jefferson County. The underlying facts and legal situation are not identical each time a vacancy arises. Nonetheless, a showing that the preclearance status of that *Stokes v. Noonan* and *Riley v. Kennedy* is moot has not been made." Brief in Opp. 2.

15.   Despite his assertion to the U.S. Supreme Court, the Governor takes the position that *Kennedy v. Riley* is not applicable to the situation in

Jefferson County and does not affect his right to make an appointment to fill the vacancy.

16.  On 20 November 2007 the Supreme Court scheduled the appeal in *Kennedy v. Riley* for plenary review, postponing the question of jurisdiction to the hearing of the case on the merits.

17.  On 21 November 2007, after the commencement of this action, Governor Riley appointed George F. Bowman to fill the vacant seat in District 1 of the Jefferson County Commission.

18.  Governor Riley has asserted his unprecleared state law authority to appoint persons to fill vacancies on county commissions only when vacancies occurred in commission districts with majority-black electorates, namely, District 1 in Mobile County and District 1 in Jefferson County. Governor Riley did not attempt to interfere with a special election in 2005 in a majority-white commission district in Etowah County (in which Commissioner Tim Choate was elected).

19.  This Court previously has found that following the Civil War the State of Alabama, in support of its official policy of white supremacy, instituted a policy or practice of using appointments by the Governor, who is elected by a statewide majority-white electorate, to prevent African Americans in majority-black jurisdictions from electing candidates of their choice to county commissions. *Dillard v. Crenshaw County,* 640 F.Supp. 1347, 1358 (M.D. Ala. 1986).

20.  The state law Governor Riley asserts as authority to appoint persons to fill the vacancies on the Mobile and Jefferson County

Commissions, Ala. Code § 11-3-6, was enacted and/or amended for the racially discriminatory purpose of facilitating Alabama's historical policy or practice of using the gubernatorial appointment process to prevent African Americans in majority-black jurisdictions from electing candidates of their choice to county commissions.

21. Governor Riley's assertion that this Court's judgment in the Mobile County case, *Kennedy v. Riley,* does not prevent him from making an appointment to fill the vacancy on the Jefferson County Commission has the purpose and effect of perpetuating Alabama's policy or practice of evading federal laws enacted to protect the voting rights of African Americans by requiring separate civil actions, such as the instant action, to be filed for every new violation of federal voting rights law. This was the racially discriminatory pattern and practice that prompted Congress to enact § 5 of the Voting Rights Act to bar covered jurisdictions from enforcing changes affecting voting prior to obtaining preclearance.

## Claims

22. Defendant Riley has violated the rights of plaintiff protected by § 5 of the Voting Rights Act, 42 U.S.C. § 1973c, by administering, without preclearance, a practice different from that in effect in 1977.

23. Defendant Riley's actions complained of herein have the purpose of and results in denying and diluting plaintiff's voting rights protected by § 2 of the Voting Rights Act, 42 U.S.C. § 1973.

24. Defendant Riley's actions complained of herein have the purpose and effect of perpetuating Alabama's historical policy of white

supremacy and thus impose on plaintiff the badges of slavery, in violation of his rights protected by the Thirteenth Amendment to the Constitution of the United States.

25. Defendant Riley's actions complained of herein have the purpose and effect of denying plaintiff the equal protection of the laws, in violation of his rights protected by the Fourteenth Amendment to the Constitution of the United States.

26. Defendant Riley's actions complained of herein have the purpose and effect of denying or abridging plaintiff's right to vote on account of his race, in violation of his rights protected by the Fifteenth Amendment to the Constitution of the United States.

27. The plaintiff is without an adequate remedy at law and will suffer irreparable damage unless the actions of the defendant in violation of the Constitution and laws of the United States are enjoined.

## Prayer for Relief

28. The plaintiff prays that the Court will consolidate this action with *Yvonne Kennedy v. Bob Riley,* No. 2:05-cv-01 100-MHT-DRB (M.D. Ala.).

29. If the Court does not consolidate this action with *Kennedy v. Riley,* the plaintiff prays that the Court promptly will convene a three-judge court to hear and decide this matter.

30. The plaintiff prays that the Court will enter a declaratory judgment that the defendant Riley lacks the power to appoint a person to fill a vacancy on the Jefferson County Commission unless and until the defendant obtains preclearance, as required by § 5 of the Voting Rights Act,

and that pending that preclearance the Election Commission of Jefferson County has the authority to call a special election for District 1 of the Jefferson County Commission.

31.  The plaintiff further prays that the Court will enter a declaratory judgment that the actions of defendant Riley complained of herein violate his rights protected by § 2 of the Voting Rights Act and the Thirteenth, Fourteenth and Fifteenth Amendments.

32.  The plaintiff prays that the Court will grant preliminary and permanent injunctions to vacate the appointment to District 1 of the Jefferson County Commission made by defendant Riley and to enjoin defendant Riley not to deliver the commission or other appointment papers to any person for the Jefferson County Commission District 1 vacancy unless and until the defendant obtains preclearance, as required by Section 5 of the voting Rights Act.

33.  The plaintiff prays that the Court will order the defendant Riley to pay their reasonable attorneys' fees, costs, and expenses.

34.  The plaintiff prays for such other and additional relief as the Court may deem just and equitable.

Submitted by,

James U. Blacksher
P.O. Box 636
Birmingham AL 35201
    phone 205-591-7238
    fax 205-591-0709
    email
jblacksher@ns.sympatico.ca

/s/ Edward Still
Edward Still
Edward Still Law Firm LLC
2112 11th Avenue South
Suite 201
Birmingham AL 35205-2844
    phone: 205-320-2882
    fax: 877-264-5513
    email: Still@votelaw.com

Attorneys for the plaintiffs

## CERTIFICATE OF SERVICE

I certify that on 27 November 2007 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys:

NONE

And I certify that I served by email and/or fax the following:

Ken Wallis, Esq.
Legal Advisor
Office of the Governor
State Capitol
600 Dexter Avenue
Montgomery AL 36130
    phone 334-242-7120
    fax 334-242-2335

Margaret L. Fleming, Esq.
Misty Fairbanks, Esq.
Assistant Attorney General
Office of the Attorney General of Alabama
11 South Union Street
Montgomery, AL 36130-0152
Email: mfleming@ago.state.al.us
Email: mfairbanks@ago.state.al.us

/s/ Edward Still