**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| FRED L. PLUMP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:07-cv-1014-MEF-CSC |
| | ) | |
| BOB RILEY, Governor, | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER TO AMENDED COMPLAINT**

Defendant Bob Riley, Governor of Alabama, for his answer to Plaintiff's

Amended Complaint, states as follows:

1.      Defendant admits that Plaintiff purports to raise claims under the statutes

cited, but denies that Plaintiff has raised any claim upon which relief can be granted and

denies any remaining allegation in paragraph 1.  Defendant specifically denies that the

procedures at issue are subject to the preclearance requirements of the Voting Rights Act

of 1965, and denies that this Court entered any injunction precluding the subject

appointment.

2.      Denied.

3.      Defendant lacks sufficient information at this time to admit or deny the

allegations of paragraph 3, and therefore denies those allegations.

4.      Admitted.

5.      Defendant admits that Larry Langford resigned a seat on the Jefferson

County Commission upon his election as Mayor of the City of Birmingham.  Defendant

lacks sufficient information at this time to admit or deny the remaining allegations of paragraph 5, and therefore denies those allegations.

6.    Defendant lacks sufficient information at this time to admit or deny the allegations of paragraph 6, and therefore denies those allegations.

7.    Defendant admits the allegations in paragraph 7 concerning the passage of Act 1977-784, on information and belief, but lacks sufficient information to admit or deny the allegations concerning purported elections in 1982. Defendant notes further that on March 29, 2001, then Governor Don Siegelman – a Democrat – appointed The Rev. Steve Small Jr. to the Jefferson County Commission to fill a vacancy created by the resignation of Chris McNair; and that the Election Commission of Jefferson County did not call for a special election to fill that vacancy. Thus, it would appear that after the decision of the Alabama Supreme Court in *Stokes v. Noonan*, 534 So. 2d 237 (Ala. 1988), the Election Commission of Jefferson County abandoned any practice of filling vacancies on the Jefferson County Commission by special election.

8.    Admitted.

9.    Defendant admits that Act 2004-455 purported to create an exception to the Governor's statutory duty to fill vacancies on county Commissions by appointment, and admits that the Department of Justice raised no objection to that Act. Defendant denies any remaining allegation in paragraph 9.

10.    Defendant admits that he asserts the power, and indeed the duty, under state law to fill vacancies on county commissions through his appointment power under state law. Defendant denies any remaining allegation in paragraph 10.

11.    Defendant admits that the three-judge court in *Kennedy v. Riley* entered judgment in favor of the plaintiffs, but denies that the court ordered him to seek preclearance and denies any remaining allegation in paragraph 11.  Defendant notes further that the judgment in *Kennedy v. Riley* is on appeal to the United States Supreme Court.

12.    Defendant admits that *Stokes v. Noonan* and *Riley v. Kennedy* were referenced in a preclearance submission to the United States Department of Justice, and that the Department of Justice objected to the submission.  Defendant denies the remaining allegations of paragraph 12.

13.    Admitted.

14.    Admitted.

15.    Admitted.

16.    Admitted.

17.    Admitted.

18.    Denied.

19.    Defendant denies the allegations and inflammatory rhetoric in paragraph 19.  Defendant notes further that the *Dillard* decision did not involve the appointment power in the case of vacancies.  In fact, vacancies on county commissions have been filled by appointment (and not elections) since the pre-Civil War era, originally by appointments made by the remaining members of the "Court of Commissioners." Further, the Governor was first given the appointment power in such cases on November 25, 1868, during the very height of reconstruction and in Alabama's first Republican administration and racially-mixed Legislature.

20.    Denied.  Defendant adopts and incorporates paragraph 19, above.

21.    Denied.

22.    Denied.

23.    Denied.

24.    Denied.

25.    Denied.

26.    Denied.

27.    Denied.

28.    Defendant denies that this matter should be consolidated with any other action.  To the extent paragraph 28 contains any allegations against Defendant, Defendant denies those allegations.  Defendant denies that Plaintiff is entitled to relief.

29.    To the extent paragraph 29 contains any allegations against Defendant, Defendant denies those allegations.   Defendant denies that Plaintiff is entitled to relief.

30.    To the extent paragraph 30 contains any allegations against Defendant, Defendant denies those allegations.  Defendant denies that Plaintiff is entitled to relief.

31.     To the extent paragraph 31 contains any allegations against Defendant, Defendant denies those allegations.  Defendant denies that Plaintiff is entitled to relief.

32.    To the extent paragraph 32 contains any allegations against Defendant, Defendant denies those allegations.  Defendant denies that Plaintiff is entitled to relief.

33.    To the extent paragraph 33 contains any allegations against Defendant, Defendant denies those allegations.  Defendant denies that Plaintiff is entitled to relief.

34.    To the extent paragraph 34 contains any allegations against Defendant, Defendant denies those allegations.  Defendant denies that Plaintiff is entitled to relief.

**ADDITIONAL DEFENSES**

1.      Defendant denies any allegation in Plaintiff's Amended Complaint that is not expressly admitted above.

2.      Plaintiff has failed to join necessary parties.

3.      Venue is improper in this District.

4.      Venue should be transferred to another District for the convenience of the parties.

5.      Plaintiff has failed to state a claim upon which relief can be granted.

6.      Plaintiff lacks standing to raise the claims asserted in the Amended Complaint.

7.      Plaintiff's claims are barred by res judicata.

8.      Plaintiff's claims are barred by waiver and estoppel.

9.      Plaintiff's claims are barred by the doctrine of laches.

10.      Plaintiff's claims are barred by the applicable statutes of limitations.

11.      Section 5 of the Voting Rights Act does not require preclearance of decisions from the Alabama Supreme Court construing State law.

12.      The subject decisions of the Alabama Supreme Court did not effect a change in a standard, practice or procedure with respect to voting for purposes of Section 5 of the Voting Rights Act.

13.      Governor Riley's appointment of General Bowman to a vacant seat on the Jefferson County Commission did not effect a change in a standard, practice or procedure with respect to voting for purposes of Section 5 of the Voting Rights Act.

14.     If Section 5 of the Voting Rights Act were construed to require State officials to violate State law, it would violate the United States Constitution, including the Tenth Amendment, the guarantee of a republican form of government granted by Article IV Section 4, and the doctrine of federalism inherent in the Constitution.

15.     This Court lacks jurisdiction to grant the relief requested.

16.     Plaintiffs are not entitled to injunctive relief.

17.     Injunctive relief would not serve the public interest.

Respectfully submitted,

Of counsel:

Kenneth D. Wallis, II (WAL064)
Chief Legal Advisor
Office of the Governor

Scott L. Rouse (ROU010)
Deputy Legal Advisor
Office of the Governor

ADDRESS OF COUNSEL:
Office of the Governor
State Capitol, Suite NB-05
600 Dexter Avenue
Montgomery, Alabama  36130
(334) 242-7120 Phone
(334) 242-2335 Fax

ken.wallis@governor.state.al.us
scott.rouse@governor.alabama.gov

Troy King (KIN047)
Attorney General

s/ Margaret L. Fleming
Margaret L. Fleming (FLE001)
James W. Davis (DAV103)
Assistant Attorneys General

OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
11 South Union Street
Montgomery, Alabama 36130
Telephone: (334) 242-7300
Facsimile:  (334) 353-8440
mfleming@ago.state.al.us
jimdavis@ago.state.al.us

**Counsel for the Defendant**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 17th day of December, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel: Edward Still, Edward Still Law Firm LLC (Still@votelaw.com), and James U. Blacksher (jblacksher@ns.sympatico.ca).

s/ Margaret L. Fleming
Margaret L. Fleming (FLE001)

7