IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| FRED L. PLUMP,<br><br>  Plaintiff,<br><br>v.<br><br>HONORABLE BOB RILEY, as Governor of the State of Alabama,<br><br>  Defendant. | CIVIL ACTION NO.<br>2:07-cv-01014-MEF-CSC |

## Stipulations

The parties submit the following stipulations. Nothing in the Stipulations should be taken as an admission that a particular act was done legally or with proper authority.

1. The general law in Alabama, previously codified at Ala. Code (1975) § 11-3-6, has provided since at least 1852 that vacancies on County Commissions are filled by appointment, originally by appointment of the remaining members. See Code of Alabama (1852) § 698; Code of Alabama (1867) § 826. The appointment power was first given to the Governor of Alabama on November 25, 1868. See Act No. 1868-12; Code of Alabama (1876) § 740; Code of Alabama (1886) § 820; Code of Alabama (1896) § 952; Code of Alabama (1907) § 3307; Code of Alabama (1923) § 6749; Code of Alabama (1940), T. 12 § 6; Code of Alabama (1975) § 11-3-6.

2. Section 11-3-6 has been repealed and its provisions moved to section 11-3-1(b) to provide, in pertinent part, as follows: "Unless a local law authorizes a special election, any vacancy on the county commission shall be filled by appointment by the Governor." Act No. 2007-488 has not yet been submitted for preclearance.

3. The Legislature adopted Act 784 in the 1977 Regular Session (hereafter "Act 1977-784"), providing that when a vacancy occurs on the Jefferson County Commission, the Election Commission of Jefferson County shall call a special election. A copy of Act 1977-784 is in the Court record as Doc. 18-2.  Act 1977-784 has not been repealed by the Legislature.

4. Act 1977-784 has been precleared by the Attorney General of the United States.

5. On March 29, 2001, Chris McNair resigned a seat on the Jefferson County Commission. That same date, Governor Don Siegelman (D) appointed Reverend Steve Small, Jr., to fill the vacancy.

6. On May 3, 2004, Governor Riley signed into law Act No. 2004-376. That Act concerned, among other things, residency requirements for Jefferson County Commissioners. In addition to other changes, Act No. 2004-376 contained the following language: "Each commissioner, if filling a vacancy by appointment, shall have resided in the district at least one year before appointment and shall reside in the district during his or her tenure." Act No. 2004-376 (emphasis added).  The Jefferson County Attorney submitted Act 2004-376 for preclearance.  On March 11, 2005, Act No. 2004-376 was precleared by DOJ.

7. Jefferson County Commissioner Larry Langford has been elected Mayor of the City of Birmingham. He took office on Tuesday, 13 November 2007. He resigned his seat in District 1 of the Jefferson County Commission.

8. On October 29, 2007, the Jefferson County Election Commission met and unanimously adopted the resolution attached as Exhibit A to the original complaint in this action (Doc 1-2).  The resolution calls an election to fill the vacancy in District 1 of

the Jefferson County Commission for 5 February 2008. The Election Commission consists of Alan King [Probate Judge (Place 1) of Jefferson County]; Anne Marie Adams [Circuit Clerk for Jefferson County]; and Mike Hale [Sheriff of Jefferson County]. Each is a member of the Election Commission of Jefferson County by virtue of the office he or she holds.

9.  The Alabama Supreme Court decided *Stokes v. Noonan,* 534 So.2d 237, on September 30, 1988, and held that the subject matter of a local act relating to filling vacancies on the Mobile County Commission (Act 85-237) was subsumed by general law (Ala. Code § 11-3-6) and therefore invalid under Ala. Const. Art. IV § 105. Section 105 provides that "[n]o special, private, or local law . . . shall be enacted in any case which is provided for by a general law." Ala. Const. Art. IV, § 105.

10.  Act 2004-455 amended Ala. Code § 11-3-6 as follows: "<u>Unless a local law authorizes a special election,</u> in case of a vacancy, it shall be filled by appointment by the Governor, and the person so appointed shall hold office for the remainder of the term of the commissioner in whose place he or she is appointed." The underlined text was added by Act 2004-455.

11.  The Alabama Attorney General submitted Act 2004-455 for preclearance on August 9, 2004.

12.  The Attorney General of the U.S. issued a "no objection" letter regarding Act 2004-455 on September 28, 2004.

13.  On November 9, 2005, the Alabama Supreme Court decided *Riley, et al v. Kennedy, et al,* Case Number 1050087, and held that Act 2004-455, the amendment to Ala. Code § 11-3-6, did not revive Act 85-237 to allow a special election to fill the

3

vacancy created when Honorable Sam Jones assumed the office of Mayor of the City of Mobile.

14. On August 18, 2006, a three-judge court in the Middle District of Alabama ruled, in the context of a local law applying to Mobile County, that *Stokes v. Noonan* and *Riley v. Kennedy* were subject to the preclearance requirements of Section 5 of the Voting Rights Act. *Kennedy v. Riley*, 445 F. Supp.2d 1333, 1334 (M.D. Ala. 2006) ("[W]e hold that the state court decisions should have been precleared before they were implemented."). Instead of issuing an injunction, the Court determined that it would grant the State of Alabama 90 days to seek preclearance of the State court decisions construing State law.

15. On November 9, 2006, the State of Alabama submitted *Stokes v. Noonan* and *Riley v. Kennedy* to DOJ for preclearance in the context of the contested gubernatorial appointment to the Mobile County Commission. The Attorney General of the United States interposed an objection on 8 January 2007.

16. The State of Alabama has not sought preclearance of the *Stokes* or *Riley* decisions for use in Jefferson County nor for any other purpose since the denial of preclearance in early 2007.

17. Governor Riley has appealed to the United States Supreme Court from the decision of the U.S. District Court in *Yvonne Kennedy v. Bob Riley*. The case is docketed as *Riley v. Kennedy,* No. 07-77 (U.S. Sup. Ct.).

18. On 20 November 2007 the Supreme Court scheduled the appeal in *Riley v. Kennedy,* No. 07-77, for plenary review, postponing the question of jurisdiction to the hearing of the case on the merits.

19. On 21 November 2007, after the commencement of this action, Governor Riley appointed George F. Bowman to fill the vacant seat in District 1 of the Jefferson County Commission.

20. General Bowman is an African-American, a retired two-star general in the U.S. Army, and the son of a Tuskegee Airman.

21. Neither the State of Alabama nor Governor Riley has specifically asked the Department of Justice to preclear the appointment of General Bowman to fill the vacancy on the Jefferson County Commission.

22. Fred L. Plump is an African-American citizen of Alabama and a registered voter in Commission District 1 of Jefferson County.

23. The plaintiff wishes to participate in an election to fill the unexpired term of Commissioner Larry Langford. In mid-December, Mr. Plump qualified to run for the Jefferson County Commission.

Undersigned counsel certifies that all parties have agreed to these stipulations.

Respectfully submitted,

/s/ James U. Blacksher
James U. Blacksher
Bar No. ASB-2381-S82J
P.O. Box 636
Birmingham, AL 35201
   phone 205-591-7238
   fax 866-845-4395
email: jblacksher@ns.sympatico.ca

/s/ Edward Still
Edward Still
Edward Still Law Firm LLC
2112 11th Avenue South
Suite 201
Birmingham, AL 35205-2844
   phone 205-320-2882
   fax 877-264-5513
email: Still@votelaw.com

Attorneys for the plaintiff

CERTIFICATE OF SERVICE

  I certify that on 4 January 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys:

| | |
|---|---|
| Margaret L. Fleming, Esq.<br>James W. Davis, Esq.<br>Assistant Attorneys General<br>11 South Union Street<br>Montgomery, AL 36130-0152<br>email: mfleming@ago.state.al.us<br>email: jimdavis@ago.state.al.us | Kenneth D. Wallis, II, Esq.<br>Chief Legal Advisor<br>Scott L. Rouse, Esq.<br>Deputy Legal Advisor<br>Office of the Governor<br>State Capitol, Suite NB-05<br>600 Dexter Avenue<br>Montgomery, AL 36130<br>email: ken.wallis@governor.state.al.us<br>email: scott.rouse@governor.state.al.us |

/s/ James U. Blacksher
Attorney for plaintiff