IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| FRED L. PLUMP, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 2:07-cv-01014-MEF-CSC |
| HONORABLE BOB RILEY, as Governor of the State of Alabama, | |
| Defendant. | |

**PLAINTIFF'S SECOND MOTION FOR JUDICIAL NOTICE**

The plaintiff moves the Court to take judicial notice of Alabama Act No. 2007-488, a copy of which is attached to this motion.  As noted in defendant Riley's response, Doc. 18, page 4 n.4, Act No. 2007-488 at page 18 explicitly repeals Ala. Code § 11-3-6, the general law Governor Riley relies on for his authority to fill a vacancy on the Jefferson County Commission by appointment.  Defendant's response argues that Act No. 2007-488 only "relabeled" § 11-3-6 and moved it to § 11-3-1(b).  Riley response at 4 n.4.  But closer reading of the entire statute shows that the Legislature has now made enforceable all prior local acts requiring vacancies to be filled by special election.

As defendant's response says, § 11-3-1(b) does retain the same language that, standing alone, the Alabama Supreme Court held in *Riley v. Kennedy*, 928 So.2d 1013 (Ala. 2005), to have prospective force only: "Unless a local law authorizes a special election. . . ."  However, § 11-3-1(f), which was added to the Code by Act 2007-488, includes local acts referred to in § 11-

3-1(b) among those local laws which do not conflict with the amended § 11-3-1 and thus "shall remain in full force and effect." This is the legislative intent of retroactivity the Alabama Supreme Court had found missing in Act No. 2004-455.

As the Alabama Attorney General states, for unexplained reasons, Act No. 2007-488 has not yet been submitted for preclearance under § 5 of the Voting Rights Act, so it is not presently enforceable. (Governor Riley signed the Act seven months ago.) If Act No. 2007-488 is precleared, it would negate under state law Governor Riley's purported authority to appoint someone to the vacancy on the Jefferson County Commission.

WHEREFORE, plaintiff prays that the Court will take judicial notice of Ala. Act No. 2007-488.

Submitted by,

/s/ James U. Blacksher
James U. Blacksher
P.O. Box 636
Birmingham AL 35201
    phone 205-591-7238
    fax 205-591-0709
    email jblacksher@ns.sympatico.ca

/s/ Edward Still
Edward Still
Edward Still Law Firm LLC
2112 11th Avenue South
Suite 201
Birmingham AL 35205-2844
    phone: 205-320-2882
    fax: 877-264-5513
    email: Still@votelaw.com

Attorneys for the plaintiff

CERTIFICATE OF SERVICE

I certify that on 14 January 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys:

Margaret L. Fleming, Esq.
James W. Davis, Esq.
Assistant Attorneys General
11 South Union Street
Montgomery, AL 36130-0152
Email: mfleming@ago.state.al.us
Email: jimdavis@ago.state.al.us

Kenneth D. Wallis, II, Esq.
Chief Legal Advisor
Scott L. Rouse, Esq.
Deputy Legal Advisor
Office of the Governor
State Capitol, Suite NB-05
600 Dexter Avenue
Montgomery AL 36130
ken.wallis@governor.state.al.us
scott.rouse@governor.alabama.gov

/s/ Edward Still

1    HB139                                    ACT No. 2007- 488

2    89736-5

3    By Representative Lindsey

4    RFD: County and Municipal Government

5    First Read: 06-MAR-07

6    PFD: 03/05/2007



HB139

1

2 <u>ENROLLED</u>, An Act,

3        To amend Sections 11-1-8, 11-3-1, 11-3-2, 11-3-3,

4 11-3-7, 11-3-8, 11-3-18, 11-3-20, 11-3-21, 11-3-22, 11-8-3,

5 11-8-9, and 11-8-10, Code of Alabama 1975, relating to the

6 creation and operation of county commissions to provide

7 further for the election and appointment of county

8 commissioners; to clarify existing provisions related to the

9 term of office and first meeting of county commissions

10 following an election; to establish a quorum for county

11 commissions; to provide for the duties of the chair; to

12 provide for the election and duties of a vice chair; to

13 provide for the employment and duties of a chief

14 administrative officer; to provide procedures for adopting the

15 county budget; to make technical changes regarding the duties

16 and procedures of county commissions; and to repeal Sections

17 11-3-6, 11-3-13, 11-3-19, 11-3-23, 11-3-24, 11-3-26, 11-8-7,

18 11-8-8, 11-8-13, and 11-8-14 of the Code of Alabama 1975.

19 BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:

20        Section 1. Sections 11-1-8, ~~11-1-9,~~ 11-3-1, 11-3-2,

21 11-3-3, 11-3-7, 11-3-8, 11-3-18, 11-3-20, 11-3-21, 11-3-22,

22 11-8-3, 11-8-9, and 11-8-10, Code of Alabama 1975, are amended

23 to read as follows:

24        "§11-1-8.

HB139

1      "The county commission of any county in the state of
2   Alabama may by resolution ~~authorize~~ close the offices ~~of the~~
3   ~~officials of the county located~~ in the county courthouse or
4   other county buildings ~~to be closed all day one weekday or any~~
5   ~~portion thereof of each week in addition to~~ on legal holidays
6   set pursuant to Section 1-3-8, or for special circumstances
7   deemed necessary or appropriate. ~~If such a resolution is~~
8   ~~adopted, notice thereof~~ Notice of the closing shall be posted
9   at the courthouse ~~door~~ and shall be published otherwise in
10  ~~such~~ the manner as the county commission may direct. In the
11  event that any documents required to be filed by a time
12  certain deadline cannot be filed in a timely manner due to the
13  closing of an office under this section, the deadline for
14  filing shall be extended to the date that the office is
15  reopened as provided in Section 1-1-4.
16      "~~11-1-9.~~
17      "~~(a) Any law to the contrary notwithstanding, the~~
18  ~~county commission of any county of the state of Alabama may,~~
19  ~~in its discretion, defray the costs of defending any lawsuit~~
20  ~~brought against any county official when such lawsuit is based~~
21  ~~upon and grows out of the performance by said~~ the official ~~of~~
22  ~~any duty in connection with his or her office and does not~~
23  ~~involve a willful or wanton personal tort or a criminal~~
24  ~~offense committed by the official. The expenses of defending~~
25  ~~such litigation may include witness fees, transportation, toll~~

HB139

1    ~~and ferry expenses of witnesses, attorney's fees, court costs,~~

2    ~~and any other cost in connection with the defense of said the~~

3    ~~litigation. The county commission shall not be responsible for~~

4    ~~payment or reimbursement of any costs incurred by a public~~

5    ~~official who brings an action against the county commission.~~

6    ~~"(b) If any county has expended money for the~~

7    ~~purposes set out in subsection (a) of this section, such~~

8    ~~expenditure is hereby validated and shall not be charged back~~

9    ~~to the official making such payment nor shall the person who~~

10   ~~received such payment be liable for any reimbursement of same.~~

11   "§11-3-1.

12   "(a) Any person who is a qualified elector of the

13   county and has resided in the county for at least one year

14   prior to the date upon which he or she would take office is

15   eligible to seek office as county commissioner. In counties

16   where the county commissioners represent a certain district,

17   any person seeking office as county commissioner shall be a

18   qualified elector of and reside within the district which he

19   or she seeks to represent upon election or appointment for at

20   least one year prior to the date that he or she would take

21   office. Notwithstanding the foregoing, the one-year residency

22   requirement provided above shall not apply to the first

23   election following any redistricting of county commission

24   districts in a county. Any person serving as county

25   commissioner, at all times while in office, shall meet the

HB139

1    qualified elector and residency requirements set out herein,

2    and in the case of a district commissioner shall reside in the

3    district as it existed at the time of his or her election.

4          "(b) ~~Any~~ Unless a local law authorizes a special

5    election, any vacancy on the county commission shall be filled

6    by appointment by the Governor. If the appointment occurs at

7    least 30 days before the closing of party qualifying as

8    provided in Section 17-16-11, the person appointed to the

9    vacated office shall only serve until seven days after the

10   next general election following the appointment as provided

11   herein. The person so appointed to fill the vacancy shall meet

12   the residency requirements in subsection (a), and shall hold

13   office from the date of appointment until the eighth day

14   following the next general election. If the original term in

15   which the vacancy occurred would not have expired on the

16   eighth day following the next general election after the

17   appointment, the person elected at the election required by

18   operation of this subsection shall serve for a period of time

19   equal to the remainder of the term in which the vacancy was

20   created. Thereafter, election for the county commission seat

21   shall be as otherwise provided by law.

22         "~~(a)~~ (c) Unless otherwise provided by local law, by

23   court order, or governed by Section 11-80-12, and as otherwise

24   provided in subsection ~~(b)~~ (d), there shall be in every county

25   a county commission, composed of the judge of probate, who

HB139

1    shall serve as chairman, and four commissioners, who shall be

2    elected at the time prescribed by law and <u>shall</u> hold office

3    for four years until their successors are elected and

4    qualified.

5    "~~(b)~~ <u>(d)</u> ~~Beginning with the next term of office for~~

6    ~~each county commissioner, the term~~ <u>Notwithstanding any other</u>

7    <u>provision of law related to election canvassing,</u>

8    <u>certification, or contest, the term of office for county</u>

9    <u>commissioner shall commence at 12:00 a.m. on the second</u>

10    <u>Wednesday following the general election at which he or she is</u>

11    <u>elected and</u> shall expire <u>at 11:59 p.m.</u> on the first ~~Monday~~

12    <u>Tuesday</u> following the day of the general election at which the

13    successor to that office is elected. ~~Thereafter each county~~

14    ~~commissioner shall hold office from 12:01 A.M. of the first~~

15    ~~Tuesday following his or her election and until his or her~~

16    ~~successor is elected and qualified. This subsection shall~~

17    ~~apply to all counties and may not be altered by local law.~~

18    "~~(c)~~ <u>(e)</u> ~~Any other provision of law to the contrary~~

19    ~~not withstanding, each~~ <u>Each</u> county commission shall meet on

20    the ~~first Tuesday~~ <u>Wednesday</u> following the election <u>and</u>

21    <u>tabulation of provisional ballots pursuant to Section 17-10A-2</u>

22    of any one of its ~~number~~ <u>members</u> whose term commences on that

23    day pursuant to ~~the provisions of~~ subsection ~~(b)~~ <u>(d), and at</u>

24    <u>this meeting, shall establish the regular meeting days for the</u>

25    <u>county commission as provided in Section 11-3-8</u>. The meeting

HB139

1    shall be in lieu of any meeting of the county commission

2    required by law to be held within the same calendar week and

3    shall be in all respects and for all purposes a regular

4    meeting of the county commission. The county commission shall

5    not meet following the election of any one of its ~~number~~

6    members until the meeting provided by this subsection, unless

7    there is a declared emergency.

8         "An emergency may be declared for the purposes of

9    this subsection upon a unanimous vote of the entire membership

10   of the county commission.

11        "(f) Except as specifically provided in ~~subsection~~

12   subsections ~~(a)~~ (b) and (c), this section applies in all

13   counties and may not be altered or amended by local law. Any

14   existing local law or portion thereof in conflict with this

15   section is specifically repealed to the extent of the conflict

16   effective with the next election following the effective date

17   of the act adding this subsection. It is the intent of the

18   forgoing that a portion of a local law in direct conflict with

19   this section shall be repealed, and any remaining portions of

20   the local law not in conflict shall remain in full force and

21   effect.

22        "§11-3-2.

23        "(a) Subject to the restrictions of Section 280 of

24   the Constitution of Alabama of 1901, and the laws of this

25   state, ~~one~~ any member of a county commission may be appointed

HB139

1    to and may serve on public boards, commissions, and

2    authorities within this state unless ~~authorized~~ _otherwise_

3    _prohibited_ by law. _Except where otherwise specifically_

4    _authorized or required by general state or federal law, only_

5    _one member from a particular county commission may serve on_

6    _any particular public board, commission, or authority._

7    Notwithstanding the foregoing, this subsection shall not be

8    interpreted to authorize a county commission to appoint a

9    member to serve on the board of any authority, corporation, or

10   association organized pursuant to Chapter 21 of Title 22

11   unless the appointment is authorized in the articles of

12   incorporation of the authority, corporation, or association.

13       "(b) All service on a board, commission, or

14   authority by a member of a county commission prior to ~~December~~

15   ~~7, 1999~~ _the effective date of the act adding this language_,

16   meeting the requirements of subsection (a) and all actions

17   taken by any member of a county commission acting in his or

18   her official capacity on the board, commission, or authority

19   are ratified and confirmed.

20       "(c) A member of a county commission shall not be

21   reimbursed for expenses by _both_ the public board, commission,

22   authority, and the county commission on which he or she serves

23   ~~, however, the~~_. The_ member may elect to be reimbursed from

24   either the public board, commission, _or_ authority, or the

25   county commission.

HB139

1    "§11-3-3.

2         "Each member of the county commission of each county

3    shall be required to give a bond as provided in Chapter 5 of

4    Title 36 and Chapter 2 of Title 11, in the sum of at least

5    $3,000.00 three thousand dollars ($3,000) to be fixed by the

6    county commission and approved by the judge of the circuit

7    court of a circuit of which such county forms a part, and,

8    where. When there are two or more circuit judges in said the

9    circuit, then said the bonds shall be fixed and approved by

10   the senior presiding judge of said the circuit.

11        "§11-3-7.

12        "The meetings of the county commission may be held

13   by the chairman of the county commission and two commissioners

14   or by three commissioners without the chairman, unless

15   otherwise provided by local law. A majority of members serving

16   on a county commission shall constitute a quorum. A judge of

17   probate or chair elected countywide shall be considered a

18   member of the county commission for purposes of determining a

19   quorum. No ordinance, resolution, policy, or motion shall be

20   voted on and approved by a county commission unless a quorum

21   is present in the meeting chamber while the vote is taken and

22   the matter is approved by an affirmative vote of the majority

23   of the members present and voting, unless otherwise required

24   by Alabama law.

25        "§11-3-8.

HB139

1    "(a) At the first county commission meeting held

2    pursuant to Section 11-3-1 following each election of county

3    commissioners, the county commission shall establish the day

4    or days of each month on which regular meetings of the county

5    commission shall be held. ~~The~~ A county commission, by

6    resolution, may alter the regular meeting days as necessary.

7    The regular meeting days and the time and place where the

8    meetings will be held shall at all times be posted in a public

9    and conspicuous location in the courthouse and in other public

10   buildings determined appropriate by the county commission and

11   shall be forwarded to all local news media who have on file

12   with the county commission a written request for notification

13   of the schedule of regular meetings of the county commission.

14   "(b) ~~The~~ A county commission may schedule a special

15   meeting when determined necessary in writing by a majority of

16   the members of the commission, or in case of an emergency,

17   upon call of the chair. The purpose for and agenda of the

18   meeting shall be included in all public notices of the

19   meeting, and no other items shall be considered at the special

20   meeting. Upon scheduling, except in an emergency, at least

21   five days prior to the special meeting, notice of the meeting

22   time, place, and agenda shall be posted in a public and

23   conspicuous location in the courthouse and in other public

24   buildings determined appropriate by the county commission and

25   shall be forwarded to all local news media who have on file

HB139

1    with the county commission a written request for notification

2    of special meetings of the county commission.

3              "(c) When a regular meeting day of a county

4    commission falls on a legal public holiday, the county

5    commission may meet on any day of the following week instead

6    of on the holiday, or at another time determined by the county

7    commission, provided that at least five days prior to the

8    meeting, notice of the meeting time and place shall be posted

9    in a public and conspicuous location in the courthouse and in

10   other public buildings determined appropriate by the county

11   commission and shall be forwarded to all local news media who

12   have on file with the county commission a written request for

13   notification of the schedule of regular meetings of the county

14   commission.

15             "(d) All meetings scheduled and held as provided

16   herein shall be deemed to be in compliance with the notice

17   provisions of Chapter 25A of Title 36.

18             "§11-3-18.

19             "The chairman of the A county commission may employ

20   a chief administrative officer, who shall carry out the

21   administrative duties of the county and shall perform all of

22   the following duties: must record the proceedings at

23             "(1) Keep and record minutes of all meetings of the

24   county commission, make all necessary orders and issue all

HB139

1    ~~process necessary to sustain its jurisdiction or maintain its~~
2    ~~authority~~.
3    "(2) Have prepared and presented to the commission
4    chair for proper execution all appropriate documents, such as
5    resolutions, orders, contracts, or directives, as are
6    necessary to carry out the actions of the county commission.
7    "(3) Maintain at all times a detailed record of the
8    financial status of the county which shall be kept up to date
9    at all times and shall reflect the true status of all
10   outstanding obligations of the county and the estimated
11   revenue for the current fiscal year.
12   "(4) Perform any other duties with reference to
13   accounting, auditing claims, issuing warrants, and supplying
14   the county commission with information as the county
15   commission may deem necessary for the administration of the
16   financial affairs of the county.
17   "(5) Serve as signatory for the county on all
18   appropriate documents as authorized or directed by policy
19   adopted by resolution of the county commission.
20   "(6) Perform any other duties as may be assigned
21   from time to time and under procedures established by the
22   county commission.
23   "§11-3-20.
24   "(a) ~~Unless otherwise provided by local law, the~~
25   ~~chairman~~ The chair of the county commission shall preside over

HB139

1    county commission meetings, provided however, ~~the chairman may~~

2    ~~appoint another member of the county commission to preside in~~

3    ~~his absence unless the county commission directs otherwise. In~~

4    ~~all matters where the county commission is divided, the same~~

5    ~~must be determined by the chairman of the county commission~~

6    the county commission may elect or authorize the chair to

7    appoint a vice chair to serve in his or her absence. The chair

8    shall only vote on a matter in the event that the votes cast

9    by the other members of the commission are evenly divided on

10    the issue except, when the chair serves on the county

11    commission as a district commissioner, he or she may vote once

12    on all matters that come before the county commission.

13    "(b) In addition to presiding over all meetings set

14    out in subsection (a), the chair of a county commission, or in

15    his or her absence or at his or her request, the vice chair,

16    shall have the following duties:

17    "(1) To ensure that an accurate record of all

18    meetings is made and kept as required by Section 11-3-18.

19    "(2) Except where the chief administrative officer

20    has been directed to serve pursuant to Section 11-3-18(e), to

21    serve as signatory for the county commission on all

22    appropriate documents, such as resolutions, orders, contracts,

23    or directives, as are necessary to carry out the actions of

24    the county commission.

HB139

1        "(3) To oversee and supervise the upkeep of the

2   financial records of the county.

3        "(4) Except as provided in Section 11-8-9, to issue

4   and sign all warrants.

5        "(5) To perform other duties as required by law or

6   determined appropriate by the county commission pursuant to

7   resolution duly adopted by a majority of the members of the

8   county commission.

9        "§11-3-21.

10       "~~The~~ As soon as practical after closing the fiscal

11  year, but no later than December 31 of each year, the county

12  commission shall ~~make a semiannual publication on April 1 and~~

13  ~~October 1 of each year~~ have published in a newspaper of

14  general circulation ~~published~~ in the county ~~of an itemized~~

15  ~~report, showing the receipts and expenditures of money for the~~

16  ~~county, specifying particularly the sources from which~~

17  ~~received and the purposes for which expended. Said publication~~

18  ~~must also show the entire indebtedness of the county of~~

19  ~~whatever kind and character, specifying particularly the~~

20  ~~amount of bonds outstanding, their character and when due, the~~

21  ~~amount of the outstanding warrants whether interest-bearing or~~

22  ~~not and, if interest-bearing, the rate of interest for which~~

23  ~~said warrants were issued and when due and payable. The~~

24  ~~compensation to be paid  for the publication provided for in~~

25  ~~this section shall not exceed one and one-half cents per word~~

1    ~~in counties of less than 40,000 population.~~ a statement of the

2    county's financial status for the 12-month period ending on

3    September 30 of that year, which statement shall include at a

4    minimum all of the following: (1) ~~The~~ An itemized report of

5    the county's receipts by source and disbursements by functions

6    or purposes or both. (2) The outstanding indebtedness of the

7    county of any kind or character. (3) The schedule by years for

8    retiring indebtedness, separating funded indebtedness from

9    unfunded indebtedness. (4) The resources available to pay

10    unfunded indebtedness.

11           "§11-3-22.

12           "If the county commission ~~shall fail~~ fails to make

13    the ~~said~~ publication ~~as~~ required by ~~section~~ Section 11-3-21,

14    ~~each member composing said county commission who votes against~~

15    ~~said publication is made subject to a penalty of $50.00 to be~~

16    ~~collected by civil action, and~~ the district attorney ~~shall~~ may

17    bring ~~said~~ a civil action ~~and prosecute the same in the name~~

18    ~~of the county as plaintiff~~ to compel compliance, and the court

19    may assess all costs of court to the county.

20           "§11-8-3.

21           "(a) It shall be the duty of the county commission,

22    at some meeting in September of each calendar year, but ~~or~~ not

23    later than ~~its first meeting in~~ October 1 ~~following~~, to

24    prepare and adopt a budget for the fiscal year beginning on

25    October 1 of the current calendar year which shall include all

HB139

1    of the following: (1) An ~~an~~ estimate of the ~~income~~ anticipated

2    revenue of the county ~~for the fiscal year beginning on October~~

3    ~~1 of the current calendar year~~ for all public funds under its

4    supervision and control including all unexpended balances as

5    provided in Section 11-8-6~~, and to~~. (2) An estimate ~~for the~~

6    ~~same fiscal year the expense~~ of expenditures for county

7    operations ~~and to appropriate~~. (3) Appropriations for the

8    ~~various purposes the~~ respective amounts that are to be used

9    for each of such purposes~~, provided, that the~~.

10        "(b) The appropriations ~~so~~ made in the budget shall

11    not exceed the estimated total ~~income~~ revenue of the county

12    available for appropriations.

13        "(c) The budget adopted, at a minimum, shall include

14    any revenue required to be included in the budget under the

15    provisions of Alabama law and reasonable expenditures for the

16    operation of the offices of the judge of probate, tax

17    officials, sheriff, county treasurer, the county jail, the

18    county courthouse, and other offices as required by law.

19        "(d) In order that ~~such~~ the budget adopted is based

20    upon an estimate of ~~income~~ revenue and operating ~~expenses may~~

21    ~~be~~ expenditures as nearly correct as possible, at least 60

22    days before the meeting of the county commission at which the

23    county budget is adopted:

24        "(1) ~~the county commission shall call upon any~~

25    ~~public official who handles any incoming moneys,~~ Any public

HB139

1    official who receives public funds, including any official

2    entitled to ex officio fees, or who issues any kind of order

3    payable out of the county treasury without approval of such

4    county commission ~~to~~ shall furnish ~~them~~ to the county

5    commission in writing an estimate of ~~such income~~ the revenue

6    and of the ~~probable amount of orders~~ anticipated expenditures

7    ~~he~~ the official will be called upon to ~~issue~~ make during ~~such~~

8    the next fiscal year ~~and it shall be the duty of such official~~

9    ~~to furnish such estimates without delay~~.

10            "(2) The judge of probate, tax officials, sheriff,

11    county treasurer, and any other county official or employee

12    named by the county commission shall prepare and submit to the

13    county commission an itemized estimate of the amount the

14    official or employee believes to be necessary for personnel,

15    office supplies, and other expenditures during the following

16    fiscal year. Any official entitled to ex officio fees shall

17    include in his or her estimate the estimated amount of any ex

18    officio fees the official will receive during the following

19    fiscal year.

20            "(e) Based upon the estimated revenue and

21    expenditures set out in subsection (d), together with any

22    other financial information available to the county commission

23    regarding the anticipated revenue and expenditures for the

24    next fiscal year, the county commission shall approve a budget

HB139

1   which includes the expenditures it deems proper for the next

2   fiscal year.

3        "(f) Following the adoption of the budget, no

4   obligation incurred by any county official or office over and

5   above the amount or amounts approved and appropriated by the

6   county commission shall be an obligation of the county unless

7   the obligation is approved by an affirmative vote of a

8   majority of the members of the county commission.

9        "(g) The budget may be amended during the fiscal

10   year as determined necessary by affirmative vote of a majority

11   of the members of the county commission. No amendment may

12   authorize an expenditure which exceeds anticipated revenue of

13   the county except as otherwise specifically authorized by

14   general law.

15        "§11-8-9.

16        "No warrant shall be issued or check drawn on the

17   county treasury or county depository by any person except as

18   authorized by the ~~chairman~~ chair of the county commission or

19   such other officer as may be designated by such county

20   commission, unless otherwise provided by law, and officers who

21   are authorized to pay claims which have not been first

22   approved by the county commission shall issue orders for

23   warrants or checks ~~which must be presented to the officer so~~

24   ~~authorized to issue warrants payable out of the county~~

HB139

1    ~~treasury or county depository~~ <u>pursuant to procedures</u>

2    <u>established by the county commission</u>.

3              "§11-8-10.

4              "No warrant or order for the payment of money shall

5    be issued ~~in pursuance of~~ <u>under</u> authority of the county

6    commission until funds are available for its payment upon

7    presentation to the treasurer or depository <u>pursuant to</u>

8    <u>procedures established by the county commission</u>. ~~It shall be~~

9    ~~the duty of the county commission to provide and appropriate~~

10   ~~funds for paying warrants issued upon orders drawn by other~~

11   ~~county officials in pursuance of law, which orders are not~~

12   ~~required by law to be approved and authorized by such board.~~"

13             Section 2. Sections 11-3-6, 11-3-13, 11-3-19,

14   11-3-23, 11-3-24, 11-3-26, 11-8-7, 11-8-8, 11-8-13, and

15   11-8-14 of the Code of Alabama 1975, are repealed.

16             Section 3. This act shall become effective on the

17   first day of the third month following its passage and

18   approval by the Governor, or its otherwise becoming law.

HB139

1

2

3

_____

4                Speaker of the House of Representatives

5

_____

6           President and Presiding Officer of the Senate

7                    House of Representatives
8            I hereby certify that the within Act originated in
9       and was passed by the House 03-APR-07, as amended.
10
11                        Greg Pappas
12                        Clerk
13

14

15              _____

16      Senate           07-JUN-07                    Passed

17

APPROVED _June 14, 2007_

TIME _5:00 p.v._

_Bob Riley_
GOVERNOR

Alabama Secretary Of State
    Act Num...: 2007-488
    Bill Num...: H-139
Recv'd 06/14/07    05:33pmJJB