IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FRED L. PLUMP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:07cv1014-MEF |
| ) | (WO) |
| HONORABLE BOB RILEY, as ) | |
| Governor of the State of ) | |
| Alabama, ) | |
| ) | |
| Defendant. ) | |

Before Rosemary Barkett, Circuit Judge, Mark E. Fuller, Chief District Judge, and W. Harold Albritton, District Judge.

# **MEMORANDUM OPINION**

Per curiam:

## I. FACTS AND PROCEDURAL HISTORY

This three-judge court has been convened to consider the claim of Fred L. Plump that, under § 5 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973c, the State of Alabama was required, but failed, to preclear Defendant Governor Bob Riley's authority to appoint a person to a vacancy on the Jefferson County Commission. The Plaintiff has asked the court to enter a declaratory judgment that Defendant Governor Riley's authority to appoint a person to fill a vacancy on the Jefferson County Commission must be precleared. The Plaintiff has further asked the court to enjoin the appointment by the Defendant of General George F. Bowman to the Jefferson County Commission, and to enjoin the Defendant from interfering with the election to fill the vacancy in the District 1 seat on the Jefferson County Commission which

is scheduled for February 5, 2008.  For the reasons to be discussed below, we find that the Plaintiff is entitled to only declaratory relief.

This case is being decided against the backdrop of a similar case arising out of a different county in Alabama.  In *Kennedy v. Riley*, 2:05cv1100-MHT (M.D. Ala.) (three-judge court), a separate three-judge court recently was asked to vacate the gubernatorial appointment of a person to a vacancy on the Mobile County Commission.  The three-judge court in that case granted the plaintiffs' requested relief, finding that the appointment had been made pursuant to decisions by the Alabama Supreme Court which constituted changes in procedure which had not been precleared and, therefore, violated the Voting Rights Act.  *See Kennedy v. Riley*, 445 F. Supp. 2d 1333 (M.D. Ala. 2006) (three-judge court).

The facts of the instant case are substantially similar to those of the *Kennedy* case.  The beginning point in both cases is an Alabama statute of general application which provides that a vacancy in a county commission shall be filled by appointment by the Governor.  *See Alabama Code* § 11-3-6.  Subsequent to the passage of that statute, local laws were passed by the Alabama legislature and precleared by the U.S. Attorney General which provided that in certain circumstances special elections would be held to fill vacancies on the county commissions in both Mobile and Jefferson County.  In Jefferson County, that Act was No. 77-784, while in Mobile County, it was Act No. 85-237.

At the evidentiary hearing held in this case on January 15, 2008, the Plaintiff adequately established that in 1982 two vacancies on the Jefferson County Commission were filled by special election pursuant to the selection process outlined in Act No. 77-784.  Similarly, an

election was held in 1987 pursuant to Act No. 85-237 to fill a vacancy on the Mobile County Commission.

In *Stokes v. Noonan*, 534 So. 2d 237 (Ala. 1988), the Alabama Supreme Court held that, because Act No. 85-237, which applied in Mobile County, was a local statute and because it conflicted with and was subsumed by another state law of general application, it violated the Alabama Constitution. The State did not submit *Stokes* for preclearance.

In 2001, a vacancy on the Jefferson County Commission was filled by appointment by then-Governor Siegelman rather than by special election, presumably because of *Stokes*.

In 2004, the Alabama Legislature passed Act No. 2004-455, amending Ala. Code § 11-3-6 expressly to allow local laws to make exceptions to the general rule of filling vacancies by gubernatorial appointments. The U.S. Attorney General precleared Act No. 2004-455.

In *Riley v. Kennedy*, 928 So. 2d 1013 (Ala. 2005), the Alabama Supreme Court rejected claims that Act No. 2004-455 revived Act No. 85-237 and held that Act No. 2004-455 applied only prospectively. Relying on *Riley* and *Stokes*, the Governor made an appointment to the vacated position on the Mobile County Commission. As with *Stokes*, the State did not submit *Riley* for preclearance.

A group of plaintiffs then filed a lawsuit in federal court claiming that the appointment by the Governor pursuant to *Riley* and the earlier decision in *Stokes* could not be enforced without first being precleared. The three-judge court agreed. *Kennedy*, 445 F. Supp. 2d at 1334.

In November 2006, the Governor submitted the *Stokes* and *Riley* decisions for preclearance, but the U.S. Attorney General did not preclear the decisions. The three-judge court case, *Kennedy,* was appealed to the U.S. Supreme Court and is currently pending on appeal.

On October 29, 2007, following the election of County Commissioner Larry Langford as Mayor of the City of Birmingham, the Jefferson County Election Commission ordered a special election to be held on February 5, 2008 to fill the vacancy which would exist on the Commission upon the assumption by Commissioner Langford of the office of Mayor.

On November 13, 2007, the vacancy was created when Commissioner Langford assumed the office of Mayor. On November 16, 2007, the Plaintiff, who has qualified to run for the vacant office in the February 5, 2008 special election, filed the instant case. On November 21, 2007, Governor Riley appointed General Bowman to fill the vacancy on the Jefferson County Commission.

## II. DISCUSSION

### A. Plaintiff's Request for Declaratory Judgment

The Plaintiff urges this court to conclude, based largely on *Kennedy*, that Defendant Governor Riley's power to appoint persons to fill vacancies on the Jefferson County Commission is a change in procedure which has not been precleared.

Section 5 of the Voting Rights Act provides that a covered jurisdiction, such as Alabama, "may not implement any change in a voting 'qualification, prerequisite, standard, practice, or procedure' unless it first obtains either administrative preclearance of that change from the Attorney General or judicial preclearance from the District Court for the District of Columbia." *Reno v. Bossier Parish Sch. Bd.,* 520 U.S. 471, 478 (1997) (quoting 42 U.S.C. § 1973c).

In determining § 5 issues, a court must consider (i) whether there are voting qualifications, prerequisites, standards, practices, or procedures that are different from "those in existence before they were adopted," *Presley v. Etowah County Comm'n*, 502 U.S. 491, 495

(1992)-that is, whether a change was covered by § 5,[1] (ii) if the change was covered, whether § 5's approval requirements are satisfied, and (iii) if the requirements are not satisfied, what remedy is appropriate. *City of Lockhart v. United States*, 460 U.S. 125, 129 n.3 (1983).

As stated above, the three-judge court in *Kennedy* reasoned that because Act No. 85-237, which provided for special elections in Mobile County, established a precleared practice which was put into force and effect with the holding of a special election in 1987, it was the baseline to use in determining whether gubernatorial appointment was a change requiring preclearance. *Kennedy*, 445 F. Supp. 2d at 1336. Because *Stokes* invalidated Act No. 85-237 and the *Riley* court refused to revive Act No. 85-237, the two decisions constituted changes in existing, precleared practice or procedure with respect to voting that should have been precleared before they were implemented. *Id.*

We are persuaded to follow the reasoning of *Kennedy* in this case. Of course, this case is not identical to *Kennedy*. In particular, the Plaintiff does not concede that *Stokes* invalidated Act No. 77-784, which applies only to Jefferson County, since *Stokes* was decided with respect to a

---

1. The court in *Presley* explained this inquiry to mean that it is only "[a]bsent relevant intervening changes, [that] the Act requires" comparison with practices in existence on November 1, 1964. *Presley*, 502 U.S. at 495; *see also Lake v. State Bd. of Elections of N.C.*, 798 F. Supp. 1199, 1205 (M.D. N.C. 1992)(three-judge court); *Villegas v. Dallas Indep. Sch. Dist.*, No. 30cv858R, 2003 WL 22573921, at *5 & n.9 (N.D. Tex. Oct. 17, 2003) (citing *Presley* and stating the inquiry is whether the practice is "different from the one in force on the date § 5 took effect or (if applicable) different from the one that earlier received preclearance?"); *cf. NAACP, DeKalb County Chapter v. Georgia,* 494 F. Supp. 668, 677 (N.D. Ga. 1980) (three-judge court) (rejecting interpretation of Voting Rights Act where "a covered state or subdivision thereof could amend its laws concerning voting and receive the Attorney General's approval, then change its laws back to the way they were before, avoiding federal preclearance . . . .").

Mobile County local law. That is a question of purely state law not before this court. We are required to determine the baseline "without regard for [its] legality under state law." *Lockhart*, 460 U.S. at 132-33 (relying on *Perkins v. Matthews*, 400 U.S. 379, 394-95 (1971)).[2]

The practice of special election in Jefferson County was established by Act No. 77-784 and was precleared. That practice was used, or put into force and effect, when special elections were held pursuant to that Act in 1982.[3] The gubernatorial appointment power exercised thereafter was, therefore, a change in practice covered under the Voting Rights Act which must be precleared.

The court emphasizes that whether Act No. 77-784 is, in fact, unconstitutional under state law, and whether positions on the Jefferson County Commission must be filled by special election or gubernatorial appointment under state law, are questions we do not reach and this opinion should not be understood in any way as reaching. We conclude only that the authority of the Governor to appoint persons to fill vacancies on the Jefferson County Commission is a

---

2. In *Kennedy*, the claim was raised that the *Stokes* and *Riley* decisions had to be precleared. Of course, the Alabama Supreme Court does not have to preclear any of its interpretations of state law; it is the final word on what state law is. It was rather the power of gubernatorial appointment which was exercised in good faith by the Defendant and which was authorized by state law which had to be precleared for purposes of the Voting Rights Act because it constituted a change in practice under federal law. In this case, as in *Kennedy*, it is the practice of gubernatorial appointment which has been challenged as constituting a change from the precleared practice of special election to fill vacancies.

3. The court does not agree with the characterization by the Defendant of this practice having been abandoned within the meaning of *Young v. Fordice*, 520 U.S. 273 (1997). In *Young*, the Court reasoned that the state officials abandoned the state law practice just as soon as it became clear that it would not be enacted by the state legislature, and the practice was only in effect for a short period of time. *See Young*, 520 U.S. at 282-83. Here, the practice of special election was enacted in 1977, used in 1982, and, assuming arguably that it was invalidated, not invalidated until 1988.

change in practice which must be precleared, and that the Plaintiff is entitled to declaratory relief to that effect.[4]

### B. Plaintiff's Request for a Preliminary Injunction

This court acknowledges that, generally speaking, if changes in voting practice subject to § 5 have not been precleared, a plaintiff is entitled to an injunction prohibiting the implementation of those changed practices. *Clark v. Roemer*, 500 U.S. 646, 653 (1991). In this case, however, the change has already been implemented, so enjoining the Defendant from making the appointment is not an appropriate form of relief. Similarly, although the Plaintiff asks this court to enjoin the Defendant from interfering with the election to be held on February 5, 2008, the determination by this court that the exercise of gubernatorial appointment power is a change which must be precleared under the Voting Rights Act does not give this court authority to prevent the Defendant from challenging, on state law grounds, the validity of the election. Therefore, this court concludes that the Plaintiff's requested preliminary and permanent injunctions are due to be denied.

### C. Form of Relief

The next remedial issue before the court, therefore, is whether this court should order the seat on the Jefferson County Commission vacated at this time, or whether the court should give the Defendant the opportunity to seek preclearance of the gubernatorial appointment power. As

---

4.    In the Amended Complaint the Plaintiff also seeks a declaratory judgment that the Election Commission of Jefferson County has the authority to call a special election for District 1 of the Jefferson County Commission. That determination is outside of the province of this three-judge court. There is no claim before the court to determine the status of any authority pursuant to which such election might be held for purposes of the Voting Rights Act, and the validity of such an election under state law is not before this court.

noted above, this case involves a situation where the changed practice has already been implemented. The Supreme Court has determined that where a practice has already been implemented, it might be appropriate for a district court "to afford local officials an opportunity to seek federal approval before" ordering relief. *Lopez v. Monterey County, Cal.*, 519 U.S. 9, 20-21 (1996) (citing *Perkins v. Matthews*, 400 U.S. 379 (1971); *Berry v. Doles*, 438 U.S. 190 (1978) (per curiam)). Under that authority, this court determines that the proper course of action is for this court to allow the Defendant time in which to either (1) seek preclearance under the Voting Rights Act of the authority of the Defendant to fill a vacancy on the Jefferson County Commission by appointment, or (2) advise the court that he intends to appeal this decision. Should preclearance not be obtained to validate the gubernatorial appointment of General George F. Bowman to the Jefferson County Commission, the necessity for preclearance dictates that the appointee must be removed, as he would be serving as a Commissioner of Jefferson County in violation of federal law.

This court being mindful that the substantially-similar *Kennedy* decision is currently pending before the U.S. Supreme Court, the court will enter final judgment in this case to allow for a prompt appeal, if that is desired, and for the possibility of consolidation on appeal of this case with *Kennedy*, should the U.S. Supreme Court wish to consider the two cases together.

Accordingly, it is hereby ORDERED as follows:

1. The Plaintiff's request for declaratory judgment is GRANTED and this court declares that Governor Riley's authority to appoint a person to fill a vacancy on the Jefferson County Commission must be precleared.

2. The Plaintiff's request for injunctive relief is DENIED.

3. The Defendant is given until February 5, 2008 to file with the court a notice that he either intends to appeal or intends to seek preclearance.  In the event that the Defendant does not notify the court on or before February 5, 2008 that he intends to seek preclearance, the seat currently occupied by General George F. Bowman shall be vacated on that date without further order of this court.  If the Defendant notifies the court on or before February 5, 2008 that he intends to seek preclearance, he will be given a total of 90 days to obtain preclearance.  If preclearance is not obtained from either the U.S. Attorney General or the U.S. District Court for the District of Columbia within 90 days, then the appointment of General George F. Bowman to the Jefferson County Commission shall be vacated without further order of this court.

An appropriate judgment will be entered.

Done this the 22nd day of January, 2008.

/s/ Rosemary Barkett
UNITED STATES CIRCUIT JUDGE


/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE


/s/ W. Harold Albritton
UNITED STATES DISTRICT JUDGE