IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FRED L. PLUMP, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   No. 2:07-cv-01014-MEF-CSC |
| | ) |
| BOB RILEY, Governor, | ) |
| | ) |
|    Defendant. | ) |

**DEFENDANT GOVERNOR BOB RILEY'S RESPONSE
TO PLAINTIFF'S MOTION TO ALTER OR AMEND**

Defendant, Governor Bob Riley, respectfully responds as follows to the Plaintiff's Motion to Alter Judgment (doc. 30):

1.    As counsel for plaintiff has pointed out in a motion filed yesterday, there appears to be some inconsistency between this Court's opinion (Doc. 28) and judgment (Doc. 29) concerning General Bowman's right to remain in office pending the resolution of preclearance and/or appellate proceedings. While the parties agree that there is an apparent inconsistency in the opinion and judgment, the parties have vastly different understandings of what this Court intended with respect to General Bowman remaining in office. Governor Riley understood the Court's *judgment* (which has priority in any event) to accurately reflect the Court's intention – namely, that General Bowman is entitled to remain in office pending the resolution of either preclearance or appellate proceedings. (Judgment at 2, ¶ (2)(a)). If this Court clarifies the documents, Governor Riley respectfully requests the Court to amend its opinion (Mem. Op. at 9, ¶ 3) to reflect that intent.

2. In addition to the issues raised in the Plaintiff's motion, there are other apparent inconsistencies or ambiguities in this Court's opinion and judgment. It is not clear at this time whether the Court in fact granted or denied the Plaintiff's request for injunctive relief or whether the judgment is one from which an appeal can be taken:

a) Although the Court's opinion and judgment indicate that the Court meant to dispose of the entire case, the Court's disposition of plaintiff's § 5 claim leaves pending several other claims for relief. Plaintiff alleged that General Bowman's appointment violated "the Constitution and laws of the United States." Complaint ¶ 27. And on that basis plaintiff requested a declaratory judgment not only on § 5 grounds, but also on the grounds "that the actions of defendant Riley complained of herein violate his rights protected by § 2 of the Voting Right Acts and the Thirteenth, Fourteenth and Fifteenth Amendments." *Id.* at ¶ 31. It is not clear that this Court's declaratory judgment "that Governor Riley's authority to appoint a person to fill a vacancy on the Jefferson County Commission must be precleared [under § 5]," Mem. Op. at 8, resolves, or even addresses, those separate claims.

b) It is not clear that this Court had the authority to finally adjudicate the merits of plaintiff's claims for declaratory and permanent injunctive relief at this stage of the litigation. The issue before the Court was plaintiff's motion for a preliminary injunction; the Court's order, however, appears to finally resolve the merits of plaintiff's § 5 claims. It is not clear that proper notice was given concerning any intention to advance the trial on the merits to the hearing on the preliminary injunction. *See* Fed. R. Civ. P. 65(a)(2). "[T]he parties should normally receive clear and unambiguous notice [of the court's intent to consolidate the trial and the hearing on the preliminary

2

injunction] either before the hearing commences or at a time which will still afford the parties a full opportunity to present their respective cases." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) (internal quotation marks omitted). *Accord Hollis v. Itawamba County Loans*, 657 F.2d 746, 749 (5th Cir. Sept. 30 1981). Our records reflect that this Court never ordered the trial of the merits to be consolidated with the hearing of plaintiff's motion for a preliminary injunction and, in fact, only instructed the parties to address plaintiff's request for a preliminary injunction. *See, e.g.*, Doc. 16 (scheduling hearing and briefing on "Motion for Preliminary Injunction (Doc. # 6)"); Doc. 23 (rescheduling "oral argument on the plaintiff's Motion for Preliminary Injunction").

        c)      It is not clear whether this Court's opinion and judgment deny plaintiff's requested preliminary injunctive relief or rather, in effect, grant – albeit contingently – his request for permanent injunctive relief. *Compare* Mem. Op. at 2 ("[W]e find that the Plaintiff is entitled to only declaratory relief.") *and id*. at 7 ("[T]he Court concludes that the Plaintiff's requested preliminary and permanent injunctions are due to be denied.") *with id*. at 8 (If preclearance is not obtained within 90 days, General Bowman's appointment "shall be vacated *without further order of this court*." (emphasis added)) and Judgment at 1-2, ¶ (2)(b) (If preclearance is not obtained within 90 days, General Bowman's appointment "shall be vacated on that date *without further order of this court*." (emphasis added)).

        3.      The opinion and judgment could be construed to hold that if the State pursues preclearance, the Court intends to vacate General Bowman's appointment after 90 days even if, as is sometimes the case, the preclearance submission is still under active

3

consideration on the 90th day. *See* Mem. Op. at 9, ¶ 3 ("If preclearance is not obtained from either the U.S. Attorney General or the U.S. District Court for the District of Columbia within 90 days, then the appointment of General George F. Bowman to the Jefferson County Commission shall be vacated without further order of this court."); Judgment at 1-2, ¶ (2)(b) ("[I]f preclearance is not obtained by 90 days from the date of this Judgment, the Jefferson County Commission seat currently occupied by General George F. Bowman shall be vacated on that date without further order of this court."). If Governor Riley opts to seek preclearance, he would do so without unnecessary delay. However, a submission would take time to prepare, and the entire process, including DOJ consideration, may take longer than 90 days for reasons outside Governor Riley's control. Governor Riley therefore respectfully requests that the Court clarify its opinion and/or judgment to make clear that, in the event the State pursues preclearance, General Bowman's appointment will not be vacated while the preclearance submission is under active consideration and that the Court, as in *Kennedy v. Riley*, will revisit the issue of remedy once the preclearance process has concluded. In the event the State pursues preclearance, it will, of course, be pleased (as in *Kennedy*) to make monthly progress reports to the Court concerning the status of preclearance proceedings.

      4.     This Court's opinion and judgment were crafted so as "to allow for a prompt appeal" by Governor Riley to the U.S. Supreme Court and "for the possibility of consolidation on appeal of this case with *Kennedy*" if that course is "desired" by Governor Riley and ordered by the Supreme Court. Mem. Op. at 8; *accord* Judgment at 2. Governor Riley appreciates this Court's efforts in that respect, but believes it important to point out that consolidation in the Supreme Court at this point, even if

desired, would be problematic. The Governor has already filed a nearly 15,000-word merits brief in the Supreme Court in the *Kennedy* litigation, and four separate groups of *amici curiae* filed full-length briefs supporting the Governor's position on January 22. The Kennedy appellees' merits brief is due February 13, only 8 days after this Court's February 5 deadline. The case, in short, is well underway. Consolidation at this late stage would inevitably delay the progress of the *Kennedy* case – at considerable cost to the Court, the litigants, and other interested parties.

If an appeal were taken to the Supreme Court from this Court's decision, the Supreme Court would likely "hold" the appeal and dispose of it summarily – either on the merits or via vacatur for further consideration – upon rendering a decision in *Kennedy*. *See, e.g.*, Gressman, Geller *et al.*, *Supreme Court Practice* § 5.19, at 366 n.135 (9th ed. 2007) ("The Court's normal procedure, in appeals as well as certiorari petitions, is to vacate the lower court judgment and remand for reconsideration of intervening authority." (citing cases)).

WHEREFORE, Defendant respectfully requests that this Court deny Plaintiff's Motion to Amend Judgment and clarify its Opinion and Judgment as set forth herein.

Respectfully submitted,

Of counsel:

Kenneth D. Wallis, II (WAL064)
Chief Legal Advisor
Office of the Governor

Scott L. Rouse (ROU010)
Deputy Legal Advisor
Office of the Governor

ADDRESS OF COUNSEL:
Office of the Governor
State Capitol, Suite NB-05
600 Dexter Avenue
Montgomery, Alabama  36130
(334) 242-7120 Phone
(334) 242-2335 Fax

ken.wallis@governor.state.al.us
scott.rouse@governor.alabama.gov

Troy King (KIN047)
Attorney General

s/ James W. Davis
Margaret L. Fleming (FLE001)
James W. Davis (DAV103)
Assistant Attorneys General

OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
11 South Union Street
Montgomery, Alabama 36130
Telephone: (334) 242-7300
Facsimile:  (334) 353-8440
mfleming@ago.state.al.us
jimdavis@ago.state.al.us

**Counsel for the Defendant**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 24th day of January, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel: Edward Still, Edward Still Law Firm LLC (Still@votelaw.com), and James U. Blacksher (jblacksher@ns.sympatico.ca).

s/ James W. Davis
James W. Davis (DAV103)