IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FRED L. PLUMP, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CASE NO.  2:07-cv-1014-MEF |
| ) | |
| BOB RILEY, as ) | |
| Governor of the State of Alabama, ) | |
| ) | |
| DEFENDANT. ) | |

## **MEMORANDUM OPINION AND ORDER**

This case is currently on remand from the three-judge court previously convened to adjudicate Plaintiff's claims under Section 5 of the Voting Rights Act. *See, e.g.*, *Bond v. White*, 508 F.2d 1397, 1400-01 (5th Cir. 1975);[1] *White v. State of Ala.*, 851 F.Supp. 427, 429 (M.D. Ala. 1994) (three-judge court).  On remand, this Court must resolve Plaintiff's claims not within the jurisdiction of that three-judge court.  *See, e.g.*, *Bond*, 508 F.2d at 1400-01; *White*, 851 F.Supp. at 429.  This Court must therefore resolve Plaintiff's claims under Section 2 of the Voting Rights Act and the Thirteenth, Fourteenth, and Fifteenth Amendments to the United States Constitution.

Now pending before the Court is Governor Riley's Motion to Vacate and Dismiss as

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981

1

Moot (Doc. # 54), filed on November 12, 2008.  Plaintiff filed an Opposition to Governor's Motion to Vacate and Dismiss as Moot (Doc. # 55) on November 17, 2008.  In the "Opposition," Plaintiff "agrees that his ancillary claims under § 2 of the Voting Rights Act and the Thirteenth, Fourteenth, and Fifteenth Amendments are now moot." (Doc. # 5 ¶ 1.)  These claims therefore no longer present a constitutional "case or controversy" and must be dismissed.  *See, e.g.*, *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1183 (11th Cir. 2007) ("A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief."); *Nat'l Advertising Co. v. City of Miami*, 402 F.3d 1329, 1332 (11th Cir. 2005) ("By its very nature, a moot suit 'cannot present an Article III case or controversy.").  Therefore, it is hereby

ORDERED that the Motion (Doc. # 54) is GRANTED in part.  It is granted with respect to Plaintiff's claims under Section 2 of the Voting Rights Act and the Thirteenth, Fourteenth, and Fifteenth Amendments.  Those claims are DISMISSED with prejudice. This Opinion and Order finally resolves the Motion to Vacate and Dismiss as Moot.

Done this the 10th day of September, 2009.

/s/ Mark E. Fuller<br>
CHIEF UNITED STATES DISTRICT JUDGE